IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GULLIVER'S TAVERN, INC., DBA FOXY LADY,<br><br>Plaintiff,<br><br>vs.<br><br>FOXXY LADY CABARET; LE PETIT CADEAU, LLC; MURALE'S BRIC A BRAC, LLC; JOHANNA M. CELCIS,<br><br>Defendants. | Case No. _____ |

**COMPLAINT**

For its Complaint against Defendants Foxxy Lady Cabaret ("FLC"), Le Petit Cadeau, LLC ("LPC"), and Murale's Bric a Brac, LLC ("MBB") and Johanna M. Celcis, Plaintiff Gulliver's Tavern d/b/a Foxy Lady ("Foxy Lady") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement and unfair competition under the Lanham Act with pendant claims for common law trademark infringement and violation of the Florida Deceptive and Unfair Trade Practices Act. Plaintiff Foxy Lady seeks damages, attorneys' fees, costs, and permanent injunctive relief.

**JURISDICTION**

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendant FLC based upon the following: FLC's principal place of business is in this judicial district.

4. This Court has personal jurisdiction over Defendants LPC and MBB based upon the following: (a) both Defendants are Florida limited liability companies; and (b) both have their principal places of business in this judicial district.

5. This Court has personal jurisdiction over Defendant Johanna Celcis based upon the following: (a) she resides in this judicial district; (b) she is the owner and operator of FLC, which is located in this judicial district; (c) she is the Vice-President of MBB, which is located in this judicial district; and (d) she is the CEO of LPC, which is located in this judicial district.

6. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

7. Foxy Lady is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Foxy Lady owns and operates the Foxy Lady adult entertainment club in Providence, Rhode Island.

8. LPC is a Florida limited liability company with its principal place of business in North Miami, Florida. Upon information and belief, LPC is involved with the ownership and/or operation of the Foxxy Lady Cabaret in North Miami, Florida.

9. MBB is a Florida limited liability company with its principal place of business in North Miami, Florida. Upon information and belief, MBB is involved with the ownership and/or operation of the Foxxy Lady Cabaret in North Miami, Florida.

10. FLC is an entity of unknown origin with its principal place of business in North Miami, Florida.

11. Johanna Celcis is the owner and operator of the Foxxy Lady Cabaret in North Miami, Florida and is an officer with Defendants LPC and MBB.

## ALLEGATIONS COMMON TO ALL COUNTS

12. Foxy Lady operates the Foxy Lady adult entertainment club in Providence, Rhode Island. The club has been in operation since 1979.

13. Foxy Lady owns the mark FOXY LADY and variants thereto and has obtained a federal mark registration for FOXY LADY (U.S. Reg. No. 2,809,938) for entertainment in the nature of live performances for an adult audience, namely exotic dance performances and restaurant services and bar services.

14. Foxy Lady's federal trademark registration has not been abandoned, cancelled, or revoked. In fact, it has become incontestable through the filing of Section 8 and Section 15 affidavits in the United States Patent and Trademark Office. 15 U.S.C. § 1058; 15 U.S.C. § 1065.

15. Since it commenced using the mark in 1979, Foxy Lady and its licensees have continuously used the mark in connection with advertising and promoting its goods and services. Foxy Lady has spent significant funds advertising and promoting its FOXY LADY marks, including on the internet through a website accessible at <foxyladyri.com>.

16. Based upon its federal trademark registrations and extensive use, Foxy Lady owns the exclusive right to use the FOXY LADY mark in connection with exotic dance performances, bar services, and restaurant services.

17. Foxy Lady additionally owns valid and subsisting common law rights to the FOXY LADY mark by continually using the FOXY LADY name and mark in connection with the goods and services it provides, specifically exotic dance, bar, and restaurant services.

RANDAZZA | LEGAL GROUP

18. Defendants' FLC gentleman's club has been in operation for much less time than Gulliver's club.

19. Defendants use a confusingly similar variation of Plaintiff's registered FOXY LADY mark for the exact same purposes as Plaintiff uses the mark. Specifically, Defendants simply added a superfluous "x" into the first portion of their club's name. Defendants' use of the mark infringes upon Foxy Lady's trademark rights and attempts to trade on the goodwill of Plaintiff Foxy Lady.

20. Through their use of the FOXXY LADY mark, Defendants were and are trying to create an association between Plaintiff Foxy Lady and the club operated by Defendants.

21. Even if there is no intent, there is no required *mens rea* for trademark infringement – and thus, in the alternative, the Defendant has infringed negligently upon the Plaintiff's trademark, and must be enjoined from further use.

22. Plaintiff's mark was distinctive at the time Defendants commenced use of the FOXXY LADY mark.

23. Upon information and belief, Defendants used Plaintiff's FOXXY LADY mark with the bad faith intent to profit from Plaintiff's marks.

24. Alternatively, Defendants used Plaintiff's FOXXY LADY mark negligently and must be enjoined from future use of the mark.

25. Upon information and belief, Defendants did not believe or have reasonable grounds to believe that the use of Plaintiff's mark was a fair use or otherwise lawful.

4

## FIRST CLAIM FOR RELIEF

### Trademark Infringement – 15 U.S.C. § 1114

26. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

27. Defendants used and are using a business name which contains the entirety of Plaintiff's FOXY LADY trademark and is thus confusingly similar to Plaintiff's FOXY LADY trademark.

28. Defendants' use in commerce of Plaintiff's mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

29. By using Plaintiff's mark with the knowledge that Plaintiff owns and has used, and continues to use, its trademark in the United States, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

30. Even if the Defendants had no actual knowledge of the Plaintiff's mark, the Defendants have constructive knowledge of the Plaintiff's trademark, by virtue of its registration on the Principal Register, which confers constructive knowledge. 15 U.S.C. § 1072.

31. Defendants are using a mark identical to Plaintiff's FOXY LADY trademark in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

32. Defendants' use of Plaintiff's marks has created a likelihood of confusion among the consuming public who may falsely believe that Defendants' business is associated with Plaintiffs or that Plaintiff sponsors or approves of Defendants' services or commercial activities.

33. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## SECOND CLAIM FOR RELIEF

## Unfair Competition – 15 U.S.C. § 1125(a)

34. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

35. Defendants' use in commerce of marks identical to Plaintiff's in connection with Defendants' services, which are the same as Plaintiff's, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

36. Defendants' use in commerce of Plaintiff's marks with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendant's services and commercial activities.

37. As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

38. Plaintiff incorporates the allegations of the preceding paragraphs as if set forth fully herein.

39. By virtue of having used and continuing to use its trademarks, Plaintiff has acquired common law rights in those marks.

40. Defendants' use of marks identical to Plaintiff's trademarks infringes Plaintiff's common law rights in its trademarks, and this use is likely to cause confusion, mistake, or deception among consumers, who will falsely believe that Defendants' services originate from, or are affiliated with, or endorsed by Plaintiff.

41. As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademark rights, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

### FOURTH CLAIM FOR RELIEF

### Florida Deceptive and Unfair Trade Practices Act – Fla. Stat. Ch. 501 Part II

42. Plaintiff incorporates the allegations of the preceding paragraphs as if set forth fully herein.

43. Chapter 501.204, Florida Statutes declares that unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

44. FDUTPA states, in pertinent pat, "[t]rade or commerce" means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or ting of value, wherever situated. "Trade or commerce" includes the conduct of any trade or commerce,

however denominated, including any non-profit or not-for-profit person or activity. "Thing of value" includes, but is not limited to any monies donations, membership, credential, certificate, prize, award, benefit, license, interest, professional opportunity, or chance of winning.

45. Plaintiff operates in trade or commerce because it operates an exotic dance club with a food service and bar operations.

46. Defendants' conduct is willful and intentional as evidenced by its formation after Plaintiff had been operating for several years. Defendants additionally have constructive knowledge that Plaintiff owns the FOXY LADY mark for exotic dance clubs, bars, and restaurants.

47. Defendants' deceptive conduct deceived and harmed the public, and Defendants knew or should have known that their conduct was unfair, deceptive, and harmful to the public.

48. Defendants' use of Plaintiff's mark is misleading and injurious to consumers.

49. As a direct result of Defendants' actions, Plaintiff Foxy Lady has suffered actual damages, including the loss of profits, customers, and goodwill.

50. Defendants' actions are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. Injunctive relief prohibiting Defendants, their respective officer, agents, servants, employees, and/or all persons acting in concert or participation with them, or any of them, from using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose;

B.  An award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial;

C.  An award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action; and

D.  All other relief to which Plaintiff is entitled.

Dated: January 4, 2023                              Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S Biscayne Blvd #2600
Miami, FL 33131
702-420-2001

Ronald D. Green (*pro hac vice forthcoming*)
rdg@randazza.com
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
702-420-2001

Robert J. Morris, II (*pro hac vice forthcoming*)
rjm@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (702) 420-2001

*Attorneys for Plaintiff*,
Gulliver's Tavern
d/b/a Foxy Lady