IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GULLIVER'S TAVERN, INC., DBA FOXY LADY,<br><br>           Plaintiff,<br><br>      vs.<br><br>ALERTE ENTERTAINMENT, INC. D/B/A FOXXY LADY CABARET; HUSH ENTERTAINMENT SERVICES, INC; LE PETIT CADEAU, LLC; ELIE BELLUNE; JONATHAN FINKLEA; and JOHANNA M. CELCIS,<br><br>           Defendants. | Case No. 1:23-cv-20032-KMW<br><br>**PLAINTIFF'S AMENDED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS JONATHAN FINKLEA, LE PETIT CADEAU, LLC, AND JOHANNA M. CELCIS, AND INCORPORATED MEMORANDUM OF LAW** |

      Plaintiff Gulliver's Tavern ("Foxy Lady") hereby moves for entry of final default judgment against Defendant Jonathan Finklea, Le Petit Cadeau, LLC, and Johanna M. Celcis ("Defaulting Defendants"). Defaulting Defendants were validly served with the First Amended Complaint and related documents. The time for Defendant Finklea to respond to the Complaint expired, and this Court entered Default against Defendant Finklea on April 11, 2023. The time for Defendants Le Petit Cadeau, LLC and Johanna M. Celcis to respond to the Complaint expired, and this Court entered Default against Defendants Le Petit Cadeau, LLC and Johanna M. Celcis on April 25, 2023.

      Plaintiff seeks final default judgment for Plaintiff's claims of trademark infringement, unfair competition, common law trademark infringement, and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), an award of damages pursuant to 15 U.S.C. § 1117(c), an award of Plaintiff's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

      This Motion is made pursuant to Rule 55 of the Federal Rules of Civil Procedure, the papers and pleadings on file in this action, the attached Memorandum of Points and Authorities, the exhibits attached to this Motion, and any oral argument permitted by this Court.

This Motion is made on the grounds that:

1. Defendant Finklea was served with the Summons and First Amended Complaint via personal service on March 14, 2023 (ECF Nos. 11 and 26) and has not responded or otherwise appeared in this action;

2. Default was entered by the Clerk against Defendant Finklea on April 11, 2023 (ECF No. 44);

3. Defendant Finklea is not an infant, incompetent person, in military service, or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. § 520);

4. Defendant Finklea is an individual residing at 930 Northwest 204th Street, Miami Gardens, FL 33169;

5. Defendants Le Petit Cadeau, LLC and Johanna M. Celcis were served with Summons and the First Amended Complaint via substituted service under Fla. Stat. § 48.161 on April 1, 2023 (ECF Nos. 11, 33 & 34) and have not responded or otherwise appeared in this action;

6. Default was entered by the Clerk against Defendants Le Petit Cadeau, LLC and Johanna M. Celcis on April 25, 2023 (ECF No. 46);

7. Defendants Le Petiti Cadeau, LLC and Johanna M. Celcis were served at 2188 NW 72ND Terrace Hollywood, FL 33024.

8. Foxy Lady is now entitled to judgment against the Defaulting Defendants on account of the claims pleaded in the Complaint for trademark counterfeiting and infringement (15 U.S.C. § 1051 *et seq.*);

9. Foxy Lady seeks willful statutory damages;

10. Under the Trademark Act (15 U.S.C. § 1051 *et seq*.), Foxy Lady is entitled to recover costs incurred in this litigation; and

11. Foxy Lady claims reasonable attorney's fees in this exceptional case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.0   INTRODUCTION**

Plaintiff Foxy Lady filed this trademark infringement action to vindicate its rights as to Defendants' unauthorized use of its FOXY LADY trademark in a gentlemen's club in North Miami, Florida. Although Plaintiff's mark has been in use for over 40 years, Defendant sought to capitalize on Plaintiff's goodwill and confuse customers as to the source of his goods and services. Rather than participate in this action and defend against Plaintiff's claims, Defaulting Defendants chose to default, depriving Plaintiff of the right to take discovery and litigate this case. Accordingly, Plaintiff now moves for default judgment and to award damages and attorneys' fees and costs.

**2.0   FACTUAL BACKGROUND**

**2.1   Plaintiff Foxy Lady**

Plaintiff is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. *See* Declaration of Rich Taffurelli ("Taffurelli Decl."), at ¶ 4. Plaintiff operates the Foxy Lady adult entertainment club, which has been in operation since 1979. *See id.* at ¶ 5. Plaintiff Foxy Lady owns the FOXY LADY name and mark. *See id.* at ¶ 6. In addition to Foxy Lady's common law rights to the mark, it owns a federal mark registration for FOXY LADY (U.S. Reg. No. 2,809,938) for entertainment in the nature of live performance for an adult audience, namely exotic dance performances and restaurant services and bar services. *See* USPTO Registration for FOXY LADY, attached as **Exhibit 1**; Taffurelli Decl. at ¶ 8. That registration has become incontestable through the filing of Section 8 and Section 15 affidavits in the U.S. Patent and Trademark Office. *See* **Exhibit 2**.

Since it commenced using the FOXY LADY mark in 1979, Foxy Lady and its licensees have continuously used the mark in connection with the advertising and promotion of its goods and services. *See* Taffurelli Decl. at ¶ 10. Foxy Lady has spent significant funds advertising and promoting its FOXY LADY marks, including on the internet through a website accessible at <foxyladyri.com>. *See id.* at ¶ 11; Printout of Foxy Lady Website, attached as **Exhibit 3**.

Based upon its federal trademark registrations and extensive use, Foxy Lady owns the exclusive rights to use the FOXY LADY name and mark in connection with the goods and services that it provides, specifically bar, restaurant, and exotic dance services.

### 2.2   Defaulting Defendants' Willful Infringement

Defendant Alerte Entertainment, Inc. d/b/a Foxxy Lady Cabaret ("FLC") is a gentleman's club that has been in operation for much less time than Foxy Lady. Defendant Finklea is an owner and operator of FLC, and he is the President of FLC. *See* **Exhibit 4** . Defendant Le Petit Cadeau, LLC is a limited liability company with its principal place of business in North Miami and is involved in ownership and operation of FLC. *See* **Exhibit 5**. Defendant Johanna M. Celcis is the CEO for Le Petit Cadeau, LLC and is involved with the ownership and operation of FLC. *See* **Exhibit 5**.

FLC uses a confusingly similar variation of Plaintiff's registered FOXY LADY mark for the exact same purpose as Plaintiff uses the mark. Specifically, Defendants simply added a superfluous "x" into the first portion of their club's name. *See* **Exhibit 6**. Defendants' use of the mark infringes upon Foxy Lady's trademark rights and attempts to trade on Plaintiff's goodwill.

### 3.0   PROCEDURAL HISTORY

Plaintiff Foxy Lady filed this case on or about January 4, 2023. ECF No. 1. Plaintiff filed its First Amended Complaint on or about March 2, 2023. ECF No. 11. Defendant Finklea was personally served with the First Amended Complaint and Summons on March 14, 2023. ECF No. 26. After Defendant Finklea was served, neither Plaintiff nor its counsel heard from Defendant or from an attorney representing Defendant. Rather, Defendant has been completely silent. Defendants Le Petit Cadeau, LLC and Johanna M. Celcis were served with the First Amended Complaint and Summons on April 1, 2023. ECF Nos. 33 & 34.

On April 11, 2023, the Clerk entered default against Defendant Finklea. *See* ECF No. 44. Defendant did not appear or make any effort to contact Plaintiff. On April 25, 2023, the Clerk entered default against Defendant Le Petit Cadeau, LLC and Johanna M. Celcis. *See* ECF No. 46.

As such, Plaintiff Foxy Lady now respectfully moves this Court for the entry of default judgment against Defaulting Defendants.

**4.0     LEGAL STANDARD**

Fed. R. Civ. P. 55(a) provides that the Court must enter default if the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" and that "failure is shown by affidavit or otherwise." This Court entered default against Defendant Finklea on April 10, 2023. This Court entered default against Defendants Le Petit Cadeau, LLC and Johanna M. Celcis on April 25, 2023. Since default is entered, Plaintiff Foxy Lady requests and applies for judgment pursuant to Fed. R. Civ. P. 55(b). Because Defaulting Defendants opted not to appear, this Court and Plaintiff are not required to serve Defaulting Defendants "with written notice of the application [for default] at least 7 days before the hearing." Fed. R. Civ. P. 55(b).

Prior to entering a default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant, the defendant has been properly served, and the complaint adequately states a claim upon which relief may be granted. *Marron v. Moros*, No. 21-23190-CIV-MORE, 2023 U.S. Dist. LEXIS 11240, at *4 (S.D. Fla. Jan. 20, 2023) (citing *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018)).

"Before entering a default judgment, the court must ensure that the well-pleaded allegations in the complaint, taken as true by virtue of the default, actually state a substantive cause of action, and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Love v. Jackson*, No. 15-CV-21446-WILLIAMS, 2015 U.S. Dist. LEXIS 192906, at *9 (S.D. Fla. Oct. 22, 2015) (citing *Tyco Fire & Sec., LLC v. Aicocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

For the reasons discussed below, it is appropriate for the Court to grant final default judgment against Defendants Finklea, Le Petit Cadeau, and Johanna M. Celcis.

**5.0   LEGAL ANALYSIS**

    **5.1   Plaintiff Has Satisfied the Requirements for Default Judgment**

        **5.1.1   Defaulting Defendants were Properly Served with Process**

A default should not be entered against a defendant who has never been served with the complaint. *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007). Indeed, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Rule 4 of the Federal Rules of Civil procedure governs service of process. Rule 4(e)(2)(A) states, in relevant part, that a plaintiff may serve by "delivering a copy of the summons and of the complaint to the individual personally[.]" Fed. R. Civ. P. 4(e)(2)(A).

Here, Defendant Finklea was personally served, on March 14, 2023, with the Summons and First Amended Complaint at 930 Northwest 204th Street, Miami, FL 33169. ECF No. 26. Defendants Le Petit Cadeau, LLC and Johanna M. Celcis were served via substituted service pursuant to Fla. Stat. § 48.161, on April 1, 2023, with the Summons and First Amended Complaint at 2188 NW 72nd Terrace, Hollywood, FL 33024. ECF Nos. 33 & 34.

        **5.1.2   This Court has Jurisdiction over the Claims and the Parties**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over Defaulting Defendants and venue in this district are proper under 28 U.S.C. § 1391 as Defaulting Defendants direct business activities towards consumers within this district. Further, Defendants Finklea and Celcis are domiciled in this district, and Defendant Le Petit Cadeau LLC's principal place of business is in this district.

        **5.1.3   Plaintiff's Claims are Meritorious and Sufficiently Pled**

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). *See* Fed. R. Civ. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). In this case, the

Amended Complaint, pleadings, and declaration filed in support of Plaintiff's Motion for Entry of Final Default Judgment clearly demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defaulting Defendants.

### 5.1.3.1   Defaulting Defendants are Liable for Trademark Infringement[1]

"[T]o prevail on a trademark infringement claim a plaintiff must demonstrate that (1) its mark has priority, (2) defendant used its mark in commerce, and (3) defendant's mark is likely to cause consumer confusion." *Petmed Express*, 336 F. Supp. 2d at 1217.

First, Plaintiff has a valid, protectible ownership interest in the FOXY LADY mark as evidenced by its trademark registration. *See* **Exhibit 1**. Plaintiff provided evidence of the mark's registration in the federal Principal Register, which is "prima facie evidence of validity and establishes a presumption that the mark is protectable or distinct." *Edge Sys. LLC v. Aguila*, 186 F. Supp. 3d 1330, 1346 (S.D. Fla. 2016). Second, Defendants, including without limitation Defaulting Defendants, have used a confusingly similar variation of Plaintiff's registered FOXY LADY mark for the exact same purposes as Plaintiff uses the mark. ECF No. 11 at ¶ 24. Defendants simply added a superfluous "x" into the first portion of their club's name. *Id.* Defendants use their infringing mark in commerce when operating a gentlemen's club in North Miami, Florida and attempts to trade on the goodwill of Plaintiff Foxy Lady. *Id.* Third, Defaulting Defendants' default establishes that Plaintiff's FOXY LADY mark and Defendants' FOXXY LADY mark are likely to cause confusion among consumers as to whether the two are one in the same. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1218.

---

[1]   Claims 1 and 3 of Plaintiff's Complaint assert trademark infringement under federal statute and common law. *Gift of Learning Foundation, Inc. v. TGC, Inc.*, 329 F.3d 792, 802 (11th Cir. 2003) (ruling that the analysis of liability for Florida common law trademark infringement is the same as under the Lanham Act).

### 5.1.3.2 Defaulting Defendants are Liable for Unfair Competition[2]

"The elements necessary to establish trademark infringement and unfair competition claims are identical." *Turner Greenberg Associates, Inc. v. C C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004) (quoting *Chanel v. Italian Activewear of Florida*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991)). Additionally, a claim under FDUTPA "rises or falls on the successes of its trademark infringement and false advertising claims." *Natural Answers v. Smithkline Beecham*, 529 F.3d 1325, 1333 (11th Cir. 2008). As such, for the same reasons set forth above, Plaintiff should be awarded default judgment on its unfair competition claims.

### 5.2 Plaintiff is Entitled to Damages as to Count I for Trademark Counterfeiting and Infringement

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested by the plaintiff. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should take place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

A plaintiff prevailing on a trademark infringement claim is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a).

Statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed. *See PetMed Express*, 336 F. Supp. 2d at 1220.

---

[2] Claims 2 and 4 of Plaintiff's Complaint assert unfair competition under federal and state statutes.

Section 1117(c) permits an award in an amount up to $200,000 per counterfeit mark or up to $2,000,000 per counterfeit mark if the use of the mark was willful.[3]

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods or services, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or services. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good or services. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to set an amount of statutory damages. *PetMed Express*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). Indeed, an award of statutory damages is an appropriate remedy, despite a plaintiff's inability to provide actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.") Congress enacted a statutory damages remedy in trademark

---

[3] In its Complaint, Plaintiff alleges that Defaulting Defendants' use of its trademark constitutes counterfeiting. *See* ECF No. 1 at ¶ 33. "[A] counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B)(i). To succeed on a claim of trademark counterfeiting, a plaintiff must establish that a defendant: "(1) used a counterfeit of its mark, (2) in commerce, (3) in a manner likely to cause consumer confusion, deception, or mistakes, and (4) such use was intentional or willfully blind." *Whirlpool Corp. v. Closeout Sols.*, 21-61782-CIV-ALTMAN/HUNT, 2022 U.S. Dist. LEXIS 104159, at *7 (S.D. Fla. June 10, 2022) (citations omitted). As previously discussed, Defendants business name contains the entirety of Plaintiff's FOXY LADY mark and is thus confusingly similar, constituting a counterfeit colorable imitation of Plaintiff's mark that causes confusion or mistake or deceives consumers. ECF No. 1 at ¶¶ 33-34. Because Defaulting Defendants have chosen not defend this action, the Court can assume that the infringement was intentional or willfully blind. Accordingly, statutory damages under counterfeiting are proper.

counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced statutory award. *PetMed Express*, 336 F. Supp. 2d at 1220. A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express*, 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

Plaintiff Foxy Lady has used the FOXY LADY mark in operation of its Foxy Lady adult entertainment club in Providence, Rhode Island since its inception in 1979. ECF No. 11 at ¶¶ 17-18. Since it commenced using the mark in 1979, Foxy Lady and its licensees have continuously used the mark in connection with advertising and promoting its goods and services. *Id.* at ¶ 20. *See PetMed Express*, 336 F. Supp. 2d at 1220 (court infers intent to confuse consumers into believing affiliation from Defendants' use of such a mark that was confusingly similar). Moreover, in this district, it has been held that when an alleged infringer adopts a mark "with the intent of obtaining benefit from the plaintiff's business reputation, 'this fact alone may be sufficient to justify the inference that there is confusing similarity.'" *Turner Greenberg Assocs.*, 320 F. Supp. 2d 1317, 1333 (S.D. Fla. 2004) (citing *Carnival Corp. v. Seaescape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1268 (S.D. Fla. 1999)).

Here, the evidence clearly establishes that Defaulting Defendants were involved in using Plaintiff's mark with bad faith intent to profit from Plaintiff's well-known brand. *Id.* at ¶¶ 24-28. Defaulting Defendants promoted and offered services which were in fact counterfeiting Plaintiff's

FOXY LADY mark. *Id.* at ¶¶ 17-30. In addition, Defaulting Defendants defaulted on Plaintiff's allegations of willfulness. *See Arista Records, Inc.*, 298 F. Supp. 2d at 1313 (finding a Court may infer willfulness from the defendants' default). As such, this Court should award a significant amount of statutory damages under the Lanham Act to ensure Defaulting Defendants do not continue their intentional and willful counterfeiting activities and to deter others.

Based on the above considerations, Plaintiff respectfully suggest that the Court award statutory damages in the amount of $1,000,000.00 against the Defaulting Defendants jointly and severally.[4] Plaintiff's suggested damage is well within the permissible range and should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademark, compensate Plaintiff, and punish Defendants. Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong. Rec. H12076, H12083; *PetMed Express*, 336 F. Supp. 2d at 1222 ("statutory damages under § 1117(c) are intended not just for compensation for losses, but also to punish and deter wrongful conduct.")

---

[4] The Defaulting Defendants are jointly and severally liable for Plaintiff's election of statutory damages. This award will not cause an issue of inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). The Lanham Act is distinguishable from statutes such as the Fair Labor Standards Act that require joint and several liability. *See Diaz v. Glob. Dev. Consultant, Inc.*, No. 13-20729-CIV-LENARD/GOODMAN, 2015 U.S. Dist. LEXIS 187357, at *4 (S.D. Fla. Sep. 22, 2015) ("As the Eleventh Circuit has noted, 'the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'") (citations omitted). Here, under the Lanham Act, statutory damages are one remedy available, and damage award may change based on a finding of culpability. In other words, the damage award for each defendant is dependent on culpability and is not treated as a "single, unitary" amount for damages purposes. *Abbott Labs. v. Adelphia Supply United States*, No. 15-CV-5826 (CBA) (LB), 2020 U.S. Dist. LEXIS 241980, at *24 (E.D.N.Y. Dec. 23, 2020). By defaulting, the Defaulting Defendants have conceded that their counterfeiting activities were intentional and willful. Moreover, by defaulting, they have made statutory damages appropriate here as the information needed to prove actual damages is within their control and is not disclosed. *See PetMed Express*, 336 F. Supp. 2d at 1220. On the other hand, the remaining defendants may have a different finding of willfulness after trial, and there is an opportunity to show actual damages against the non-defaulting defendants.

This Court and others have granted statutory damages under the Lanham Act similar to Foxy Lady's request herein.[5]

### 5.3 Plaintiff's Damages as to Count II, III, and IV

Plaintiff's Complaint also sets forth a cause of action for Count II Unfair Competition, Count III Common Law Trademark Infringement, and Count IV FDUTPA. As to Counts II and III, the allowed scope of statutory damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Counts II and III should be limited to the amount awarded pursuant to Count I. As Plaintiff has elected statutory damages, Count IV should be limited to the statutory damage award in Count I.

### 5.4 The Court Should Award Costs and Attorneys' Fees

A plaintiff bringing claims for willful trademark infringement is entitled to recover attorneys' fees and costs in an "exceptional case." *See* 15 U.S.C. § 1117(a).

Willful infringement will support a finding of an "exceptional case" for awarding attorneys' fees. *See Engineered Prods. Co. v. Donaldson Co.*, 147 Fed. App'x 979, 992 (Fed. Cir. 2005). Courts routinely find cases to be "exceptional" where defendants have admitted willful infringement by default. *Spanakos v. Aronson*, 2020 U.S. Dist. LEXIS 259445, at *2 (S.D. Fla. Mar. 24, 2020) (noting that defendants' lack of response in the action was sufficient to find the case to be exceptional for purposes of an award of attorney's fees under § 285); *Unilin Beheer B.V. v. US Wood Flooring, Inc.*, No. 17-60107-CIV, 2017 U.S. Dist. LEXIS 214435, at *13 (S.D. Fla. June 22, 2017) (finding that defendants' admission of deliberate and willful infringement by default warranted an attorney's fees award under § 285). Attorney's fees are also available under

---

[5] *See e.g.*, *Apple Corps Ltd. v. Bagani.Mobi*, Case No. 20-cv-61916-BLOOM, 2020 U.S. Dist. LEXIS 225138 (S.D. Fla. Dec. 2, 2020) (awarding Plaintiffs $1,000,000.00 per Defendant); *Apple Corps Ltd. v. lockalita.com*, Case No. 19-cv-62853-BLOOM, 2020 U.S. Dist. LEXIS 25052 (S.D. Fla. Feb. 13, 2020) (same); *Chanel, Inc. v. Fendona*, Case No. 19-cv-60734-BLOOM, 2019 U.S. Dist. LEXIS 225780 (S.D. Fla. May 23, 2019) (same). *See also Whirlpool Corp. v. Individuals, P'Ships & Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 21-cv-60493-BB (S.D. Fla. May 6, 2021) (same); *Michael Kors, L.L.C. v. AirTnMax Sto*re, Case No. 20-cv-62455-BB (S.D. Fla. Feb. 16, 2021) (same); *Richemont International SA v. montblanchot.com*, Case 20-cv-61941-BB (S.D. Fla. Nov. 13, 2020) (same).

§ 1117(a) in exceptional cases even for those plaintiffs who opt to receive statutory damages under section 1117(c). *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104–11 (2d Cir. 2012).

Here, Plaintiff possessed a decades-old, incontestable trademark which Defendants willfully infringed. By not responding to the Complaint in this action, Defaulting Defendants admitted that their infringement was willful. Accordingly, this case is "exceptional," and an award of attorneys' fees and costs is proper.

Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defaulting Defendants' infringement and their failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

"The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted). The Court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The Court may use its own knowledge and experience in determining the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d at 1303 (citations omitted). "If the district court finds that the number of hours claimed is unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the hours using an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 380 Fed. App'x. 888, 891 (11th Cir. 2010) (citation omitted).

Plaintiff requests the Court to award Plaintiff the total attorney's fees Plaintiff has incurred to date in this case. The total amount incurred is $30,775.00 consisting of costs in the amount of $29,560.00 and fees in the amount of $1,215.00. *See* Green Decl. ¶¶ 5-6, Ex. 7.

The hourly rates for Plaintiff's counsel are reasonable and established by the Declaration of Ron Green, submitted concurrently herewith. The amount and rates are also reasonable for the work performed as compared to other similar litigation.[6]

### 5.5 The Court Should Award Post-Judgment Interest

Post-judgment interest on a district court judgment is mandatory. *See* 28 U.S.C. § 1961; *Bank South Leasing, Inc. v. Williams*, 778 F.2d 704, 706 (11th Cir. 1985). Such post-judgment interest should be calculated based upon the entire judgment, including the principal and any attorneys' fees and costs. *Id*. The statute states that post-judgment interest shall be calculated as follows: "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The date of commencing the calculation of interest is the date entitling the plaintiff to his damage award, not the date the quantum of the award is calculated. *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) ("Interest on an attorney fee award … runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum.") This policy "deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor." *Id*.

---

[6] *See Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018) (affirming rates of $425 and $650 for trademark litigation services in Miami as comparable to the prevailing market rate); *Northstar Moving Holding Co. v. Van Lines*, No. 19-62176-CIV-DIMITROULEAS/HUNT, 2022 U.S. Dist. LEXIS 155121, at *10-11 (S.D. Fla. Aug. 26, 2022) (granting an award of $742,928.05 at rates between $524.11 and $225); *Warren Tech., Inc. v. Ul LLC*, No. 18-21019-CV-SCOLA/REID, 2022 U.S. Dist. LEXIS 108422, at *12-13 (S.D. Fla. June 16, 2022) (approving attorneys fees' at rates of $500 for a patern, $250 for an associate, and $175 for a paralegal that was a "heavily discounted" amount of $14,782.50 for 46.7 hours of work); *Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) (awarding $22,234 in fees and $8,308.90 in costs against multiple defendants in counterfeiting litigation a decade ago).

Accordingly, Plaintiff is entitled to interest calculated from the date this Court grants this motion. As of the date of this filing, the interest rate is 5.08 percent. Green Decl. ¶ 17, Ex. 9.

### 5.6 Plaintiff is Entitled to Permanent Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g.*, *PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.") Pursuant to 15 U.S.C. § 1116, this Court should permanently enjoin Defaulting Defendants from continuing to infringe on Plaintiff's mark.

Permanent injunctive relief is appropriate where a Plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an equitable remedy; and 4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiff is clearly suffering, and will continue to suffer, irreparable injury if Defaulting Defendants' infringing activities are not permanently enjoined. In trademark cases, "a sufficiently strong showing of likelihood of confusion … may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). *See also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS &

Co.'s business reputation and might decrease its legitimate sales.") Further, Plaintiff seeking a permanent injunction in a trademark infringement matter is "entitled to a rebuttable presumption of irreparable harm upon a finding of a violation" of the Lanham Act. 15 U.S.C. § 1116(a). The Complaint alleges that Defaulting Defendants' unlawful actions have caused irreparable injury to Plaintiff and will continue to do so if Defendants are not permanently enjoined. ECF No. 11 at ¶¶ 23-30. Defaulting Defendants have defaulted upon Plaintiff's factual allegations.

Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to use Plaintiff's mark. Although damages are necessary to rectify past harm of infringement, only injunctive relief from this Court will force Defaulting Defendants from continued infringement in the future, and monetary damages could not quantify such future harm. The balance of hardships weighs in Plaintiff's favor as Defaulting Defendants have no cognizable hardship as they will be prohibited from using Plaintiff's mark, which is an unlawful act to begin with. The public has an interest in the issuance of a permanent injunction in order to prevent consumers from being misled. *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (citation omitted); *BellSouth Adver. & and Publ'g. Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991) (holding "[i]n a trademark infringement or unfair competition case, a third party, the consuming public is present and its interests are paramount.") Accordingly, Plaintiff asks this Court to permanently enjoin the Defaulting Defendants from continued use of Plaintiff's FOXY LADY mark.

**6.0      CONCLUSION**

For the foregoing reasons, Plaintiff GULLIVER'S TAVERN d/b/a FOXY LADY respectfully requests that this Court enter a final default judgment against Defendants JONATHAN FINKLEA, LE PETIT CADEAU, LLC, and JOHANNA M. CELCIS and award to Plaintiff:

1. Injunctive relief prohibiting Defaulting Defendants and its officers, agents, servants, employees, and/or all persons acting in concert or participation with them,

or any of them, from using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose;

2. An award of statutory damages to Plaintiff in the amount of $1,000,000.00;

3. Post-judgment interest; and,

4. Attorneys' fees and costs in the amount of $30,775.00.

Dated: May 10, 2023.                    Respectfully submitted,

/s/ Richard J. Mockler III
Richard J. Mockler III (FL Bar No. 563986)
MOCKLER LEINER LAW, P.A.
600 N Willow Suite 101
Tampa, FL 33606
richard@mlfloridalaw.com

Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S Biscayne Blvd #2600
Miami, FL 33131
Tel: (888) 887-1776

Ronald D. Green (*pro hac vice*)
rdg@randazza.com
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
Tel: (888) 887-1776

Robert J. Morris, II (*pro hac vice*)
rjm@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776

Attorneys for Plaintiff
Gulliver's Tavern d/b/a Foxy Lady

Case No. 1:23-cv-20032-KMW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Richard J. Mockler III<br>
Richard J. Mockler III

RANDAZZA | LEGAL GROUP