UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-20032-KMW

GULLIVER'S TAVERN, INC., DBA FOXY
LADY,

                Plaintiff,

vs.

ALERTE ENTERTAINEMENT, INC. D/B/A
FOXXY LADY CABARET; HUSH
ENTERTAINMENT SERVICES, INC; LE
PETIT CADEAU, LLC; ELIE BELLUNE;
JONATHAN FINKLEA; and JOHANNA M.
CELCIS,

                Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND
SUPPORTING MEMORANDUM OF LAW**

Barry Chase
ChaseLawyers
21 SE 1st Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 373-7665
Facsimile: (305) 373-7668
Email: barry@chaselawyers.com

*Attorneys for Defendants
Alerte Entertainment Inc.,
Hush Entertainment Services Inc.,
and Elie Bellune*

**TABLE OF CONTENTS**

                                                             **Page**

PRELIMINARY STATEMENT……………………………………………………………….1

ARGUMENT ……………………………………………………………………………………2

I.     DEFENDANTS ALERTE ENTERTAINMENT INC. AND
       ELIE BELLUNE ARE NOT PROPER PARTY DEFENDANTS IN THIS ACTION….2

II.    PLAINTIFF'S AMENDED COMPLAINT IS VAGUE AND
       CONCLUSORY IN VIOLATION OF FED. R. CIV. P. 8………………………………4

CONCLUSION…………..……………………………………………………………………..5

CERTIFICATE OF GOOD-FAITH CONSULTATION………………………………………5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bell Atlantic Court v. Twombly,*
550 U.S. 544, 555 (2007) ......................................................................................…..4

*Checkers Drive-In Rests., Inc. v. Tampa Checkmate Food Servs., Inc.,*
805 So. 2d 941, 944 (Fla. 2d DCA 2001)......................................................................2

*Dania Jai-Alai Palace, Inc. v. Sykes,*
450 So. 2d 1114 (Fla. 1984) ..........................................................................................3

*Ferro v. Ry. Express Agency, Inc.,*
296 F.2d 847, 851 (2d Cir.1961) ...................................................................................4

*Friebel v. Paradise Shores of Bay County, LLC,*
2011 WL 831278 ...........................................................................................................2

*Kimmons v. IMC Fertilizer, Inc.,*
F. Supp. 738, 739 (M.D. Fla. 1994) ..............................................................................2

*Lane v. Capital Acquisitions & Mgmt. Co.,*
2006 WL 4590705, at 5 (S.D. Fla. Apr. 14, 2006) ....................................................4, 5

*Orlovsky v. Solid Surf, Inc.,*
405 So. 2d 1363 (Fla. 4th DCA 1981) ..........................................................................2

**FEDERAL RULES**

Fed R. Civ. P. 12(b)............................................................................................................1

Fed R. Civ. P. 8 ........................................................................................................1, 4, 5

**FLORIDA STATUTES**

Fla. Stat. § 607.0831 ..........................................................................................................3

Fla. Stat. § 607.0302(1) .....................................................................................................2

Defendants, Hush Entertainment Inc., Alerte Entertainment Inc. ("Alerte") and Mr. Elie Bellune ("Bellune") (collectively, "Defendants") respectfully move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint filed by Plaintiff Gulliver's Tavern Inc., as two of these Defendants are improper party defendants to this lawsuit and for Plaintiff's failure to distinguish among the alleged acts of each of the named Defendants in violation of Rule 8 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Gulliver's Tavern d/b/a Foxy Lady ("Plaintiff"), filed an Amended Complaint in this action on March 30, 2023 ("Amended Complaint"), alleging four (4) causes of action: (a) Trademark Infringement; (b) Unfair Competition; (c) Common Law Trademark Infringement; and (d) Unfair or Deceptive Acts or Practices.

Plaintiff's allegations concern the allegedly infringing use of the "Foxy Lady" mark by Defendants for operation of a business previously known as "Foxxy Lady Lounge", promptly re-named (in light of this lawsuit) "Sexxy Lady Lounge." However, in its Amended Complaint, Plaintiff fails to distinguish between Hush Entertainment Services Inc. ("Hush"), the *actual* owner of the business, and a number of co-defendants, including Alerte Entertainment Inc. and Mr. Bellune in his individual capacity.

Defendant Alerte Entertainment Inc. ("Alerte") is an improper party defendant in this Action and is a separate legal entity from Hush Entertainment Services Inc., with a separate federal taxation number, bank account, and operation. Plaintiff has not alleged abuse of the corporate form that, even if proved, would show that Alerte exercised dominion over Hush in order to commit a fraud or wrong against the Plaintiff and resulted in injury to Plaintiff.

Similarly, Defendant Bellune, in his individual capacity, is an improper party defendant in

1

this Action, as Plaintiff's Amended Complaint fails to allege that Mr. Bellune has violated or breached his duties as a director of Hush or that Bellune exercised dominion over Hush in order to commit a fraud or wrong against the Plaintiff and resulted in injury to Plaintiff, which would allow for "piercing the corporate veil" under Florida law.

Furthermore, Plaintiff's Amended Complaint is vague and conclusory in violation of Fed. R. Civ. P. 8, as all its allegations of wrongdoing are directed to the "Defendants" collectively, without distinguishing among the alleged acts of each of the named Defendants.

For these reasons, as more fully set forth below, the Amended Complaint should be dismissed in its entirety.

## ARGUMENT

### I. DEFENDANTS ALERTE ENTERTAINMENT INC. AND ELIE BELLUNE ARE NOT PROPER PARTY DEFENDANTS IN THIS ACTION

In Florida, corporations can be sued and defend in their own names. *See,* Fla. Stat. § 607.0302(1); *see also, Checkers Drive-In Rests., Inc. v. Tampa Checkmate Food Servs., Inc.*, 805 So. 2d 941, 944 (Fla. 2d DCA 2001) (stating that, under Florida law, officers of a corporation are not liable for corporate acts simply by reason of the officer's relation to the corporation). "As a result, managing members, officers, directors and shareholders are shielded from personal liability arising from their relationship to the corporate entity." *See, Friebel v. Paradise Shores of Bay County, LLC*, 2011 WL 831278, at 2; *see also, Kimmons v. IMC Fertilizer, Inc.,* F. Supp. 738, 739 (M.D. Fla. 1994) (citing *Orlovsky v. Solid Surf, Inc.,* 405 So. 2d 1363 (Fla. 4th DCA 1981).

In order to support a claim to "pierce the corporate veil", a plaintiff must prove the following: (1) the individual dominated or controlled the corporation in such a manner that the corporation's independent existence was in fact non-existent, and the individual was in fact an alter ego of the corporation; (2) the corporate form was used fraudulently or for an improper

2

purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. *See, Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla. 1984).

Defendant Hush is the only legal entity present on all current governmental filings, tax filings, appropriate licenses with the State of Florida for operating as a retailer of alcoholic beverages, and any and all agreements with service providers. It is a separate corporation from Alerte. Plaintiff has not presented allegations of any involvement by Alerte in any of the operations or reporting on behalf of the actual business, the formerly named "Foxxy Lady Lounge".

Similarly, while there remain certain circumstances in which a natural person may be liable for the acts of a corporation, these are limited to situations in which a corporate principal has breached or failed to perform his or her duties as a director, and such acts led to one of the following: (1) a violation of criminal law, unless the principal had reasonable cause to believe his or her conduct was lawful or had no reasonable cause to believe such conduct was unlawful; (2) a transaction from which the principal derived an improper personal benefit; (3) a distribution in violation of corporate governance; (4) conscious disregard of the best interests of the corporation, or willful misconduct; or (5) recklessness or an act or omission that was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. *See* Fla. Stat. § 607.0831.

Plaintiff herein has not asserted that Bellune has personally violated or breached his duties as a director of Hush. Plaintiff's Complaint offers nothing more than Bellune's being "the owner and operator of the Foxxy Lady Cabaret in North Miami Florida and an officer with Defendants FLC and Hush". (*See,* Amended Complaint ¶6). Plaintiff's theory regarding Bellune's personal involvement is based upon nothing more than pure speculation and conclusory statements, which

are afforded no weight by law. *See, Bell Atlantic Court v. Twombly*, 550 U.S. 544, 555 (2007) (stating that the notion that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements or allegations that are supported by mere conclusory statements). Further, Plaintiff has failed to allege (1) that the corporate form was used fraudulently by Bellune or for an improper purpose; or (2) that the fraudulent or improper use of the corporate form caused injury to the claimant.

Finding no legitimate theory of corporate liability under which Alerte and Bellune are proper defendants in this lawsuit, the court must dismiss these Defendants as improper parties in this action.

## II. PLAINTIFF'S AMENDED COMPLAINT IS VAGUE AND CONCLUSORY IN VIOLATION OF FED. R. CIV. P. 8.

The allegations of wrongdoing made by Plaintiff are directed at the "Defendants" collectively, without distinguishing between the alleged acts of the numerous named defendants. Rather than differentiating between the separate and distinct legal entities and individuals named in this action, Plaintiff rather lumps them together, in an effort to "throw everything against the wall to see what sticks". (*See, generally,* Amended Complaint). Courts routinely dismiss claims that are collectively pled against multiple defendants without delineating what conduct is attributed to which defendant. *Lane v. Capital Acquisitions & Mgmt. Co.,* 2006 WL 4590705, at 5 (S.D. Fla. Apr. 14, 2006). Federal Rule of Civil Procedure 8, at a minimum, requires that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *See, Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961).

It is well established that a complaint like Plaintiff's Amended Complaint herein that "lump[s] all the defendants together in each claim and provides no factual basis to distinguish their conduct" fails to satisfy the minimum standard of Rule 8. *Lane* at 5 (S.D. Fla. Apr. 14, 2006).

4

Plaintiff's Amended Complaint is therefore impermissibly vague and conclusory and fails to satisfy the minimum standard of Rule 8.

Here, as in *Lane*, Plaintiff wholly fails to differentiate among defendants named in the Amended Complaint (for example, that Bellune in his individual capacity specifically engaged in the allegedly infringing conduct, or that Defendant Alerte specifically engaged in specific portions of the allegedly infringing conduct). Nor does Plaintiff attribute any of the challenged conduct to a particular Defendant — and the absence of any such allegation is no accident because no such allegation could be responsibly made. Plaintiff's indiscriminate style of pleading fails to state a claim for relief against the Defendants. Thus, Plaintiff's Amended Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Hush Entertainment Services Inc., Alerte Entertainment Inc. and Elie Bellune respectfully request that the Court dismiss the Amended Complaint with prejudice.

## CERTIFICATE OF GOOD-FAITH CONSULTATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: May 26, 2023                             Respectfully submitted,

                                                CHASELAWYERS

                                                   */s/ Barry Chase*
                                                Barry Chase, Esq.
                                                ChaseLawyers
                                                 21 SE 1st Avenue, Suite 700
                                                Miami, Florida 33131
                                                Telephone: (305) 373-7665
                                                Facsimile: (305) 373-7668
                                                Email: barry@chaselawyers.com

*Attorneys for Defendants*
*Alerte Entertainment Inc.,*
*Hush Entertainment Services Inc.*
*and Elie Bellune*

6

**CERTIFICATE OF SERVICE**

    I, Barry Chase, certify that on May 26, 2023, I caused the foregoing Defendants' Motion to Dismiss and Proposed Order to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

*/s/ Barry Chase*
Barry Oliver Chase, Esq.
