UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-20032-KMW

GULLIVER'S TAVERN, INC., DBA FOXY LADY,

        Plaintiff,

vs.

ALERTE ENTERTAINEMENT, INC. D/B/A FOXXY LADY CABARET; HUSH ENTERTAINMENT SERVICES, INC; LE PETIT CADEAU, LLC; ELIE BELLUNE; JONATHAN FINKLEA; and JOHANNA M. CELCIS,

        Defendants.

_____/

**PROVISIONAL ANSWER TO REVISED AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Defendant, Hush Entertainment Services Inc. ("Hush" or "Defendant"), by and through its attorneys, ChaseLawyers, hereby submits this Provisional Answer and Affirmative Defenses to the Revised First Amended Complaint by Plaintiff, Gulliver's Tavern, Inc. d/b/a Foxy Lady ("Foxy Lady"), and states as follows:

**RESPONSE AS TO THE NATURE OF THE ACTION**

1.    Defendant admits that this is an action for alleged trademark infringement and unfair competition under the Lanham Act, with pendant claims for alleged common law trademark infringement and violation of the Florida Deceptive and Unfair Trade Practices Act, brought by Plaintiff Foxy Lady seeking damages, attorneys' fees, costs, and permanent injunctive relief.

1

## RESPONSE AS TO JURISDICTION

2. The jurisdictional allegations in Paragraph 2 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

3. The jurisdictional allegations in Paragraph 3 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

4. The jurisdictional allegations in Paragraph 4 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

5. The jurisdictional allegations in Paragraph 5 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

6. The jurisdictional allegations in Paragraph 6 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

7. The jurisdictional allegations in Paragraph 7 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

8. The jurisdictional allegations in Paragraph 8 state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

9. Paragraph 9 contains conclusions of law to which no response is required. Defendant admits, however, that venue is proper in this Court.

## RESPONSE AS TO THE PARTIES

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11.

12. Admitted.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14.

15. Defendant denies the allegation that Jonathan Finklea is the owner and operator of the business formerly known as "Foxxy Lady Cabaret" in North Miami, Florida; and is without sufficient knowledge regarding this co-Defendant's other business dealings, and on that basis, denies the allegations.

16. Defendant denies the allegation that Johanna Celcis is the owner and operator of the business formerly known as "Foxxy Lady Cabaret" in North Miami, Florida; and is without sufficient knowledge as to the business dealings of co-Defendant Le Petit Cadeau (identified in Revised First Amended Complaint as "LPC"), and on that basis, denies the allegations with respect to co-Defendants, Ms. Johanna Celcis and Le Petit Cadeau LLC.

**RESPONSE AS TO ALLEGATIONS COMMON TO ALL COUNTS**

17. Without knowledge and on this basis denied.

18. Defendant recognizes that U.S. trademark applications are matters of public record. The application records speak for themselves.

19. Defendant recognizes that U.S. trademark applications are matters of public record. The application records speak for themselves.

20. Without knowledge and on this basis denied.

21. The allegations of Paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22. Without knowledge and on this basis denied.

23.     Defendant's gentlemen's club, currently owned by Hush, has been in operation in the state of Florida since February 1988 (while previously owned by Big Mack's Lounge Inc.), including under the name "Big Mack's Foxxy Lady Lounge Inc." since 1996, as per the Annual Report records, with an official Fictitious Name registered with the state of Florida as early as December 2005. Defendant is without knowledge of the dates of Plaintiff's operation in the state of Rhode Island, and on this basis denies all the allegations in Paragraph 23.

24.     The allegations of Paragraph 24 regarding "confusing similarity" constitute legal conclusions to which no response is required. To the extent a response is required, Defendant has had no knowledge about the Plaintiff or its FOXY LADY mark, and has been operating its establishment for 13 years, since 2010, under the same mark as the previous owner of the establishment (Big Mack's Foxxy Lady Lounge Inc.) since as early as 1988. Nevertheless, as of March 13, 2023, all physical and online media identifiers of Defendant's establishment in South Florida have been changed from "Foxxy Lady Cabaret" to "Sexxy Lady Cabaret". Currently, Defendant makes no use of Plaintiff's mark or any other mark similar to the Plaintiff's mark. All other allegations contained in Paragraph 24 are denied.

25.     Defendant was without actual knowledge of the Plaintiff's club and the Plaintiff's mark until this proceeding, having received no prior notice of the Plaintiff's allegations until being served with the Complaint herein; and Defendant changed any and all references to the "FOXY" portion of its mark within a week thereafter to read: "Sexxy Lady Cabaret", and on this basis all allegations contained in Paragraph 25 are denied.

26.     The allegations of Paragraph 26 of the Revised First Amended Complaint regarding a *mens rea* requirement for trademark infringement constitute legal conclusions to which no response is required. Defendant furthermore does not intend to use the Plaintiff's trademark, as

4

it has changed any and all references to the "FOXY" portion of its mark within a week's time to "Sexxy Lady Cabaret." To the extent a response is required, the allegations are denied.

27. Defendant purchased the rights to its business in 2010, and operated the South Florida establishment for 13 years, in good faith, under the same mark as was used by the previous owner – whose entity was incorporated as early as 1988. The distinctiveness of the Plaintiff's mark is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

28. Denied.

29. The allegations of Paragraph 29 regarding negligence constitute legal conclusions to which no response is required. Defendant furthermore does not intend to use the Plaintiff's mark going forward, and has changed any and all references to the "FOXY" portion of its mark to "Sexxy Lady Cabaret." To the extent a response is required, the allegations are denied.

30. Denied.

### RESPONSE AS TO FIRST CLAIM FOR RELIEF
### Trademark Infringement – 15 U.S.C. § 1114

31. Defendant admits that Plaintiff incorporates by reference each of the allegations in Paragraphs 1 through 30 of the Revised First Amended Complaint as though fully set forth therein. Defendant repeats and re-alleges all responses in Paragraphs 1 through 30 above, as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### RESPONSE AS TO SECOND CLAIM FOR RELIEF
### Unfair Competition – 15 U.S.C. § 1125(a)

39. Defendant admits that Plaintiff incorporates by reference each of the allegations in Paragraphs 1 through 38 of the Revised First Amended Complaint as though fully set forth therein. Defendant repeats and re-alleges all responses in Paragraphs 1 through 38 above, as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

### RESPONSE AS TO THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

43. Defendant admits that Plaintiff incorporates by reference each of the allegations in Paragraphs 1 through 42 of the Revised First Amended Complaint as though fully set forth therein. Defendant repeats and re-alleges all responses in Paragraphs 1 through 42 above, as if fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

### RESPONSE AS TO FOURTH CLAIM FOR RELIEF
### Florida Deceptive and Unfair Trade Practices Act – Fla. Stat. Ch. 501 Part II

47. Defendant admits that Plaintiff incorporates by reference each of the allegations in Paragraphs 1 through 46 of the Revised First Amended Complaint as though fully set forth therein. Defendant repeats and re-alleges all responses in Paragraphs 1 through 46 above, as if

fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## RESPONSE AS TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief in Paragraphs (A) through (D) of the section of Plaintiff's Amended Complaint entitled "Prayer for Relief"; and denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

The following defenses are raised to the extent that discovery reveals the same to be appropriate. Defendant reserves the right to allege additional defenses of which it becomes aware during the course of this action.

## FIRST AFFIRMATIVE DEFENSE
(Laches)

Defendant used its "Foxxy Lady" mark in South Florida in an open, continuous and extensive manner for over thirteen (13) years prior to Plaintiff's filing of this lawsuit. The "Foxxy Lady" mark was also used by the establishment's prior operator, Big Mack's Lounge Inc., a Florida corporation that was, on information and belief, in operation as early as February 1988, sixteen (16) years prior to the registration of Plaintiff's mark. Since at least as early as 1996, the prior

operator used "Big Mack's Foxxy Lady Lounge Inc." as its legal entity name, for purposes of filing its Annual Reports, and as a d/b/a name since as early as December 2005, almost eighteen (18) years prior to the commencement of these proceedings. Throughout those many years, Plaintiff made no attempt whatsoever to clarify its rights with respect to Defendant's use of the mark or the use of the "Foxxy" mark by Defendant's predecessor. Meanwhile, Defendant -- which had no actual knowledge of Plaintiff's existence or alleged Rhode Island operation until this litigation -- continued unknowingly using the "Foxxy" mark subsequent to Plaintiff's Trademark registration, even investing substantial sums in South Florida promotion and advertising. Accordingly, Plaintiff is estopped from alleging that any acts by Defendant now constitute infringement, unfair competition, or deceptive and unfair trade practices.

**SECOND AFFIRMATIVE DEFENSE**
**(Senior Use)**

On information and belief, Defendant's business and its predecessor, Big Mack's Lounge Inc. (also known as "Big Mack's Foxxy Lady Lounge Inc."), were in operation in South Florida as early as February 1988, sixteen (16) years prior to the 2004 registration of Plaintiff's mark. Furthermore, since as early as 1996 (eight (8) years prior to registration of the Plaintiff's mark), the Defendant's predecessor operated under the name "Big Mack's Foxxy Lady Lounge Inc." in its Annual Report filings with the state of Florida. Since 2005, the "Foxxy Lady Lounge" has been registered as a "d/b/a" name with the state of Florida by Big Mack's Foxxy Lady Lounge Inc. Throughout this lengthy period of time, Plaintiff operated in Rhode Island with no presence in Florida, and Defendant (or its predecessor) operated its establishment over 1,000 miles away in South Florida for years prior to the registration of Plaintiff's mark.

**THIRD AFFIRMATIVE DEFENSE**
**(Absence of Damages)**

Plaintiff has not suffered any real or concrete injury, and any alleged harm or injury to Plaintiff is not fairly traceable to the acts or omissions of Defendant. Defendant has been operating its establishment concurrently with the Plaintiff's establishment for the past thirteen (13) years, with no notice of any damages or harm done to either of the businesses, which are retail establishments more than One Thousand (1,000) miles away from each other. Moreover, it appears that, for the past 35 years – since the opening of the Defendant's business by its prior owners, Big Mack's Foxxy Lady Lounge Inc, there has been use of the "Foxxy Lady Lounge" mark in South Florida, as documented by Annual Report filings and as an officially registered d/b/a name since at least 2005.

In addition, Plaintiff's demand for punitive damages is barred by the U.S. Constitution's Fifth and Fourteenth Amendment Due Process Clause, and similar provisions of any applicable state constitution.

**FOURTH AFFIRMATIVE DEFENSE**
**(Good Faith, Innocence, No Willfulness)**

Plaintiff's claims are barred, in whole or in part, because Defendant's alleged conduct was innocent, in good faith, and not willful infringement of any valid or enforceable trademark, as shown by the Defendant's operation of the business in South Florida for thirteen (13) years, absent any knowledge of the Plaintiff or its business in Rhode Island, which is located over 1,000 miles away. Defendant's good faith is also evident in its rapid removal of references to Plaintiff's mark upon being served with the original Complaint in these proceedings.

**FIFTH AFFIRMATIVE DEFENSE**
**(Inequitable Conduct, Unclean Hands, Release, Acquiescence, Estoppel, Delay, Waiver, Consent)**

This action and any relief sought by Plaintiff should be barred due to Plaintiff's inequitable and predatory conduct, unclean hands, release, acquiescence, estoppel, delay, waiver, and/or consent to the extent that discovery and evidence supports such a claim, including without limitation, as it concerns the Plaintiff's failure to provide Defendant with any notice of its allegations and claims prior to the commencement of these proceedings, notwithstanding co-existence of the two establishments -- one in New England and the other in South Florida -- for what appears to be the last thirty-five (35) years.

**SIXTH AFFIRMATIVE DEFENSE**
**(Additional Defenses)**

This action and any relief sought by Plaintiff may be barred in whole or in part by additional defenses that cannot now be articulated because of the generality of Plaintiff's pleading and because discovery has not yet begun. Accordingly, Defendant reserves the right to supplement the foregoing and raise additional defenses as may appear during the progress of this case to the full extent allowed under applicable law.

**WHEREFORE**, Defendant, Hush Entertainment Services Inc. respectfully requests that the Court:

A. Dismiss the Complaint against Hush Entertainment Services Inc. with prejudice in its entirety;

B. Award Hush Entertainment Services Inc. costs and attorneys' fees as authorized by law; and

  C. Grant such other and further relief as the Court deems just and proper.

Dated: May 26, 2023               Respectfully submitted,

                      CHASELAWYERS

                      <u> /s/ Barry Chase</u>
Barry Chase, Esq.
ChaseLawyers
21 SE 1st Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 373-7665
Facsimile: (305) 373-7668
Email: barry@chaselawyers.com

*Attorneys for Defendants*
*Alerte Entertainment Inc.,*
*Hush Entertainment Services Inc., and*
*Elie Bellune*

## **CERTIFICATE OF SERVICE**

I, Barry Chase, certify that on May 26, 2023, I caused the foregoing Defendant Hush Entertainment Services, Inc.'s Provisional Answer to Plaintiff's Revised First Amended Complaint to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

    */s/ Barry Chase*
Barry Chase