IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GULLIVER'S TAVERN, INC., DBA FOXY LADY,<br><br>Plaintiff,<br><br>vs.<br><br>ALERTE ENTERTAINMENT, INC. D/B/A FOXXY LADY CABARET; HUSH ENTERTAINMENT SERVICES, INC; LE PETIT CADEAU, LLC; ELIE BELLUNE; JONATHAN FINKLEA; and JOHANNA M. CELCIS,<br><br>Defendants. | Case No. 1:23-cv-20032-KMW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**(WITH REQUEST FOR HEARING)** |

Plaintiff Gulliver's Tavern, Inc. d/b/a Foxy Lady ("Foxy Lady") hereby opposes the Motion to Dismiss for Failure to State a Claim filed by Defendants Hush Entertainment, Inc. ("Hush"), Alerte Entertainment, Inc. ("Alerte"), and Elie Bellune (Doc. No. 58). This Opposition is based upon the attached memorandum of points and authorities, the papers and pleadings on file in this action, and any oral argument permitted by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.0   INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

On March 2, 2023, Plaintiff Foxy Lady filed its First Amended Complaint (Doc. No. 11),[1] which included Hush, Alerte, and Elie Bellune (the "Responding Defendants") as defendants, along with three other defendants that engaged in the infringement of Foxy Lady's trademark with them (the "Defaulting Defendants"). The Defaulting Defendants failed to respond to the First Amended Complaint, and Plaintiff filed a Motion for Default Judgment (Doc. No. 49) against them on May 10, 2023, which remains pending.

---

[1] On March 30, 2023, Plaintiff filed a Revised First Amended Complaint (Doc. # 24) that fixed the caption but did not differ substantively from the First Amended Complaint.

As set forth in the operative Complaint, Plaintiff filed this action to vindicate its rights under the Lanham Act and Florida Deceptive and Unfair Trade Practices Act due to Defendants' infringement of Plaintiff's trademark and based on their unfair and deceptive trade practices. (Doc. No. 24 at ¶ 1). Plaintiff is the owner of the mark "FOXY LADY" and variants thereto (U.S. Reg. No. 2,809,938) for entertainment in the nature of live performances for an adult audience, namely exotic dance performances and restaurant services and bar services. (*Id.* at ¶¶ 18 & 19). It has used this mark since 1979 in connection with advertising and promoting its goods and services, notably in connection with exotic dance performances, bar services, and restaurant services, and it has derived common law rights therefrom. (*Id.* at ¶¶ 20-22).

All Defendants, including Responding Defendants, are alleged to be owners and/or operators of the Foxxy Lady Cabaret in North Miami, Florida, or are involved with the ownership and/or operation thereof. (*Id.* at ¶¶ 11-16). Like Plaintiff's more senior business for which the mark is registered, Defendants' Foxxy Lady Cabaret is a gentleman's club featuring, *inter alia*, exotic dance. (*Id.* at ¶¶ 23-26).

On May 26, 2023, the day before Responding Defendants were required to respond to the First Amended Complaint, counsel for the Responding Defendants sent Plaintiff's counsel an email, demanding that Plaintiff remove Alerte and Elie Bellune from the case. (*See* May 26, 2023, Email from Barry Chase to Ronald Green, attached to the Green Decl. as **Exhibit 1**) This was the first time that the Responding Defendants made this demand. (*See* Green Decl. at ¶ 4) Plaintiff responded that it was happy to consider any evidence he wished to provide purportedly demonstrating that Alerte and Elie Bellune were improperly named. (*See id.*) Counsel for the Responding Defendants made no further attempt to resolve the issue and the purported evidence was never provided.[4] (*See* Green Decl. at ¶ 5) Instead, the Responding Defendants filed the instant Motion and a "provisional" Answer on behalf of Hush. The Motion provides no basis to dismiss the First Amended Complaint and should be denied in its entirety.

---

[4] Neither was this purported evidence made an exhibit to the motion to dismiss nor, to the extent hypothetically applicable, was judicial notice thereof sought.

## 2.0 LEGAL STANDARD

While Defendants do not specify which provision of Rule 12(b) they are relying upon in filing their Motion, it appears that it is filed pursuant to Fed. R. Civ. P. 12(b)(6) – that Plaintiff has failed to state a claim upon which relief can be granted. A motion filed under Rule 12(b)(6) will only be granted if the complaint fails to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[5]

The Court will accept as true all well-pled factual allegations in the Complaint, and consider where the "factual matter, accepted as true," states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Such factual content is sufficient if it raises "a reasonable expectation that discovery will reveal [the] evidence [alleged]." *Id.* Plaintiff's claims are plausible and there is no basis to dismiss.

## 3.0 ARGUMENT

### 3.1 Alerte and Mr. Bellune are proper Defendants

Defendants argue that Alerte Entertainment, Inc., and Elie Bellune are not proper party defendants in this action, but this is not a motion for misjoinder under Rule 21. Rather, this is about whether or not claims were properly stated against them. Responding Defendants make no arguments as to whether any of the claims were improperly stated against them specifically.

As to Plaintiff's first two claims, to prevail on a claim of infringement of a registered mark under § 1114(1)(a) or unfair competition under § 1125(a)(1), a plaintiff must show that (1) its mark has priority of use and (2) the defendant's mark is likely to cause consumer confusion. *See Frehling Enterprises, Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) (reciting elements of § 1114(1)(a) claim); *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (reciting elements of § 1125(a)(1) claim). Responding Defendants make no argument

---

[5] This is the standard cited to by Responding Defendants (Doc. No. 58 at 7), further supporting the determination that the motion was brought pursuant to Rule 12(b)(6).

as to priority of use or consumer confusion *vis a vis* the infringement by Bellune and Alerte of the confusingly similar name "Foxxy Lady" to Plaintiff's Registered Mark "Foxy Lady," which were sufficiently pled (Doc. No. 24 at ¶¶ 20-25, 32-37, and 40-41). Thus, there is no basis to dismiss either of those claims as to those two defendants.

Similarly, as to the third claim, common law trademark infringement, "[t]he analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act." *Creeled, Inc. v. Individuals, Partnerships*, 2023 U.S. Dist. LEXIS 66933, *9 (S.D. Fla. Apr. 17, 2023) (citing *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004)). Thus, just as there is no basis to dismiss the Lanham Act claim, there is no basis to dismiss the common law infringement claim.

Finally, as to the fourth claim, "a claim for damages under FDUTPA requires a showing of three elements: a deceptive act or unfair practice, causation, and actual damages." *CWELT-2008 Series 1045 LLC v. PHH Corp.,* 2020 U.S. Dist. LEXIS 91899, *14 (S.D. Fla. May 27, 2020). Plaintiff alleged that the use of the confusingly similar name is a deceptive practice that has caused Plaintiff harm. (Doc. No. 24 at ¶¶ 50-54). Responding Defendants make no arguments as to these elements. There is, therefore, no basis to dismiss as to Alerte or Bellune.

Neither is there any basis to drop Alerte or Bellune under Rule 21. Persons "may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Plaintiff properly alleges that all Defendants, including Responding Defendants, are involved in the ownership and/or operation of the Foxxy Lady Cabaret and, necessarily, suffered the use of that name in business. Thus, they are jointly and severally liable,

the facts and circumstances arise from the same transaction, and there are common questions of law and fact.

Instead of making any of these arguments, Responding Defendants make unevidenced representations outside the four corners of the pleadings that Defendant Hush, not Alerte, owns and operates the Foxxy Lady Cabaret. "At the motion to dismiss stage, the Court is generally limited to consideration of the four corners of the Complaint. However, the Court may consider documents that are 'central to or referenced in the complaint' and undisputed." *Singh v. Royal Caribbean Cruises*, 576 F. Supp. 3d 1166, 1180 n. 4 (S.D. Fla. Dec. 10, 2021) (quoting *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004); and citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, there are not even documents—just naked representations. Nothing that Responding Defendants refer to, "current governmental filings, tax filings, appropriate licenses with the State of Florida for operating as a retailer of alcoholic beverages, and any and all agreements with service providers" (Doc. No. 58 at 6), are central to the complaint, referenced in the complaint, or undisputed. Thus, bare assertions are not grounds for dismissal.

Moreover, Alerte is a proper defendant. Defendant Alerte claims the same principal place of business address as Defendant Hush. (*See* Florida Secretary of State information for Alerte and Hush, attached to the Green Decl. as **Exhibits 2 and 3**) That address is the street address of Defendants' gentlemen's club, the infringing Foxxy Lady Cabaret (changed after the filing of this lawsuit to the "Sexxy Lady Cabaret"). Moreover, Defendant Finklea was Alerte's President at one time, and he acknowledges that he is – or was – affiliated with and employed by Foxxy Lady Cabaret. (*See* Alerte Corporate Information, attached to the Green Decl. as **Exhibit 4**) Finally, Hush acts as Alerte's registered agent, using the address of the Foxxy Lady Cabaret, and does not provide registered agent services to any other entity. (*See Exhibit 2*; Green Decl. at ¶8 ) Defendants Alerte and Hush are involved in the operation of the Defendants' cabaret and were both properly named. Thus, Alerte is jointly and severally liable for all claims against Hush for their joint ownership and/or operation of the cabaret.

Responding Defendants further argue that a claim against Bellune is improper because they assert Plaintiff is impermissibly seeking to pierce the corporate veil. This is not a basis for dismissal of any of the four claims. Directly liability is asserted against Bellune. It is well-settled in the State of Florida that corporate officers may be held personally liable for their intentional torts. *See Ares Def. Sys. v. Karras*, 2016 U.S. Dist. LEXIS 51633, at *16-17 (M.D. Fla. Mar. 10, 2016); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354-55 (11th Cir. 2013); *First Fin. USA v. Steinger*, 760 So.2d 996, 997-998 (Fla. 4th Dist. 2000). Trademark infringement is an intentional tort. *See LaPotencia LLC v. Chandler*, 2023 U.S. Dist. LEXIS 17068, at *17-18 (S.D. Fla. Feb. 1, 2023); *Tech Traders, LLC v. Insuladd Envtl., Ltd.*, 2018 U.S. Dist. LEXIS 224579, at *11-12 (M.D. Fla. Oct. 18, 2018). Defendant Elie Bellune is currently the sole officer of both Defendants Hush and Alerte, which are operated from the address of Defendants' cabaret. Through these companies, Bellune directed and organized the infringement of Plaintiff's FOXY LADY mark. Thus, Bellune is liable to Plaintiff for using Hush and Alerte to infringe upon Plaintiff's FOXY LADY trademark. The claims against Mr. Bellune and Alerte are valid and should proceed. The Responding Defendants Motion should be denied.

### 3.2     The First Amended Complaint Comports with Rule 8

Pursuant to Fed. R. Civ. P. 8, claims for relief are required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations contained in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). So long as the Complaint gives the Defendants "fair notice of what the plaintiff's claim is and the ground upon which it rests," it complies with the provisions of Rule 8. *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). It is not necessary that the plaintiff provide specific facts. *Erickson*, 551 U.S. at 93 (*quoting Twombly*, 550 U.S. at 555).

In the instant case, Defendants have clear notice regarding what Foxy Lady's claims are and the grounds upon which their claim rests. Specifically, Defendants were involved in the ownership and operation of a club that infringed upon Plaintiff's registered, incontestable FOXY

LADY mark. (*See* Revised First Amended Complaint, ¶¶ 11-16) Therefore, Defendants are responsible for trademark infringement. The fact that "defendants are accused collectively does not render the complaint deficient." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000); *see also State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs.*, 389 F. Supp. 3d 1137, 1147 (S.D. Fla. 2019). Rather, it simply means that it should be read "to aver that all defendants are responsible for the alleged conduct." *Id.* Plaintiff's pleading is permissible because it had a "good faith belief to allege that [all] Defendants were equally and coextensively responsible for the alleged conduct." *Wilson v. Volkswagen Grp. Of Am., Inc.*, 2018 U.S. Dist. LEXIS 164774, at *26 n.5 (S.D. Fla. Sept. 26, 2018).

A plaintiff "properly pleads a cause of action against multiple defendants in one count when 'the allegations against [all] Defendants raise the same claims and relate to the same occurrences.'" *State Farm*, 389 F. Supp. 3d at 1147 (*quoting Woodburn v. State of Fla. Dept. of Children & Family Servs.*, 859 F. Supp. 2d 1305, 1310 (S.D. Fla. 2012)). That is the case here. Defendants engaged in concerted actions to run an exotic club that infringed upon Plaintiff's intellectual property. This is discernable from the plain language of the First Amended Complaint, which is in compliance with Rule 8. The Motion should be denied.

**3.3     In the Alternative, Plaintiff Should be Granted Leave to Amend**

Should the Court find that any of the claims asserted in the First Amended Complaint are subject to dismissal, Foxy Lady respectfully requests leave to file a curative Second Amended Complaint. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's consent or the court's leave" and that "the court should freely give leave when justice so requires. Rule 15 requires that leave should be granted with "extreme liberality." *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1297-98 (N.D. Ga. 2010) (*quoting Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1051 (9th Cir. 2003)). This is because cases should be decided on their merits rather than upon the pleadings or technicalities. *See Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Goodwin v. Rios*, 2005 U.S. Dist. LEXIS 56762, at *4-5 (S.D. Fla. Oct. 21, 2005). Absent a showing that the amendment would

cause undue delay, prejudice to the opposing party, or be futile, the presumption is that a request for leave to amend should be granted. *See Carter v. HSBC Mortg. Servs.*, 622 Fed. Appx. 783, 786 (11th Cir. 2015).

This case has only recently been filed. Discovery has not yet commenced. Hush, Alerte, and Mr. Bellune cannot show prejudice, and as set forth herein, the proposed amendments are not without merit or futile. Notably, none of the arguments are about the sufficiency of the allegations to state a claim. Rather, the issues raised in the motion center on what may be attributed to each defendant, notwithstanding the fact that they acted jointly. Accordingly, if this Court finds any pleading deficiencies based upon Plaintiff's Motion, Plaintiff requests leave to amend and cure those deficiencies.

## 4.0   CONCLUSION

For each of the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendants' Motion, or in the alternative, grant Plaintiff leave to amend the operative complaint.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Plaintiff Foxy Lady respectfully requests oral argument on Defendants' Motion. A hearing is desirable to ensure, on a dispositive motion, that the issues are fully explored and considered, including the potential for amendment. Plaintiff estimates that oral argument should not exceed 30 minutes in total.

Dated: June 9, 2023          Respectfully submitted,

*/s/ Marc J. Randazza*
Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S Biscayne Blvd #2600
Miami, FL 33131
Tel: (888) 887-1776

Ronald D. Green (*pro hac vice*)
rdg@randazza.com

>
> RANDAZZA LEGAL GROUP, PLLC
> 4974 S. Rainbow Blvd., Ste. 100
> Las Vegas, NV 89118
> Tel: (888) 887-1776
>
> Robert J. Morris, II (*pro hac vice*)
> rjm@randazza.com
> RANDAZZA LEGAL GROUP, PLLC
> 30 Western Avenue
> Gloucester, MA 01930
> Tel: (888) 887-1776
>
> *Attorneys for Plaintiff*,
> Gulliver's Tavern d/b/a Foxy Lady

Case No. 1:23-cv-20032-KMW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza