IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GULLIVER'S TAVERN, INC., DBA FOXY LADY,

        Plaintiff,

vs.

ALERTE ENTERTAINMENT, INC. D/B/A FOXXY LADY CABARET; HUSH ENTERTAINMENT SERVICES, INC; LE PETIT CADEAU, LLC; ELIE BELLUNE; JONATHAN FINKLEA; and JOHANNA M. CELCIS,

        Defendants.

Case No. 1:23-cv-20032-KMW

**PLAINTIFF'S
MOTION TO STRIKE**

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff hereby moves this Court to strike the rogue documents submitted by Defendants Jonathan Finklea, Johanna Celcis, and Le Petit Cadeau, LLC, which this Court has construed as an Answer or as Letters. They are rogue filings that do not present meritorious defenses. Alternately, if the Court does not strike them, it should take no action with regards to them, either in response to Plaintiff's Motion for Default Judgment or in regard to setting aside the defaults entered against them. Finally, Plaintiff asks this Court to require Finklea, Celsis, and Le Petite Cadeau, LLC to identify which attorneys, if any, represent them. This Motion is made pursuant to Rule 12(f) and is based upon the attached memorandum of points and authorities, the papers and pleadings on file in this action, and any oral argument permitted by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0   INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

Plaintiff filed its First Amended Complaint (Doc. No. 11) on or about March 2, 2023, against Defendants, including but not limited to Johanna M. Celcis, Jonathan Finklea, and Le Petit Cadeau, LLC (the "Defaulted Defendants"). As set forth in the operative Complaint (the Corrected First Amended Complaint), Plaintiff filed this action to vindicate its rights under the Lanham Act and Florida Deceptive and Unfair Trade Practices Act due to Defendants' infringement of Plaintiff's trademark and based on their unfair and deceptive trade practices. (Doc. No. 24 at ¶ 1). Plaintiff is the owner of the mark "FOXY LADY" and variants thereto (U.S. Reg. No. 2,809,938) for entertainment in the nature of live performances for an adult audience, namely exotic dance performances and restaurant services and bar services. (*Id.* at ¶¶ 18 & 19). It has used this mark since 1979 in connection with advertising and promoting its goods and services, notably in connection with exotic dance performances, bar services, and restaurant services, and it has derived common law rights therefrom. (*Id.* at ¶¶ 20-22). Plaintiff's FOXY LADY mark has been deemed incontestable through the filing of Section 8 and 15 affidavits.

All Defendants, including Defaulted Defendants, are alleged to be owners and/or operators of the Foxxy Lady Cabaret in North Miami, Florida, or are involved with the ownership and/or operation thereof. (*Id.* at ¶¶ 11-16). Like Plaintiff's more senior business for which the mark is registered, Defendants' Foxxy Lady Cabaret is a gentleman's club featuring, *inter alia*, exotic dance. (*Id.* at ¶¶ 23-26).

Defendant Finklea was served with the Summons and First Amended Complaint via personal service on March 14, 2023, while Defendants Celcis and Le Petit Cadeau were served with the Summons and First Amended Complaint via substituted service on April 1, 2023. (Doc. Nos. 26, 33, 34, 36, and 38). None of these Defendants timely responded to the First Amended

Complaint, causing the Court to enter Default against Mr. Finklea on April 10, 2023 (Doc. Nos. 41 & 44), and against Ms. Celcis and Le Petit Cadeau on April 25, 2023 (Doc. Nos. 45 & 46). Thereupon, Plaintiff filed its motion for default judgment against all three Defendants on or about May 10, 2023 (Doc. No. 49, amended by Doc. No. 51).

At the same time Finklea, Celcis, and Le Petit Cadeau defaulted, counsel for the remaining Defendants – Alerte Entertainment, Inc., Hush Entertainment Services, Inc., and Elie Bellune (the "Responding Defendants") – contacted Plaintiff's counsel on or about April 3, 2023, and initiated settlement discussions with regard to the Responding Defendants. (*See* Declaration of Ronald D. Green, Jr. (the "Green Decl."), at ¶ 2). Responding Defendants' attorney represented that he only represented Hush, Alerte, and Bellune.[1] (*See Id.* at ¶ 3.)

Counsel for Plaintiff and the Responding Defendants maintained settlement negotiations for well over a month and were nearing a resolution. (*See* Green Decl. at ¶ 4). However, **after** Plaintiff filed their Motion for Default Judgment (Doc. No. 49) against the Defaulted Defendants, counsel for the Responding Defendants revealed that *now* he wanted the Defaulted Defendants included in the settlement and release agreement. (*See* Green Decl. at ¶ 5).

In response, counsel for Plaintiff informed counsel for the Responding Defendants that the terms of the settlement could not be the same, as counsel was seeking a much broader resolution. (*See* Green Decl. at ¶ 6). At that point, the Responding Defendants' lawyer misrepresented that he informed Plaintiff's counsel on the day that they first spoke that the Defaulted Defendants were to be included in the settlement. (*See Id.*) While Plaintiff was willing to consider continuing settlement discussions, counsel for the Responding Defendants ceased negotiations after he was

---

[1] Foxy Lady's counsel specifically recalls asking the Responding Defendants' lawyer exactly which parties he represented during this call because he knew that some of the Defendants were either in default or about to be in default. (*See* Green Decl. at ¶ 3).

caught in his lie. (*See* Green Decl. at ¶ 8). The Defaulted Defendants then independently sent letters to the Court asking to be removed from the case on May 23, 2023 (Doc. No. 57). These letters sent from the Defaulted Defendants were not sent by counsel for the Responding Defendants. While the Responding Defendants' counsel engaged in some settlement discussion regarding the Defaulted Defendants, it is currently unclear whether counsel for the Responding Defendants represents the Defaulted Defendants.

Rather, the rogue letters to the Court were emailed to counsel by an individual named Ebite Evehe. Plaintiff's counsel has investigated just who Ms. Evehe could be. That investigation revealed that she is a realtor and paralegal. (*See* Evehe Instagram Page, attached to the Green Decl. as **Exhibit 1**). Ms. Evehe's LinkedIn page reveals that she is employed by Bressler Amery & Ross, a large law firm with ten offices in the United States, including in Fort Lauderdale and Miami. (*See* Evehe LinkedIn Page, attached to the Green Decl. as **Exhibit 2**). Ms. Evehe's employer did not appear in the case, and its role in this case is unclear. Similarly, the FedEx to the Court (Doc. No. 57 at 3), indicates the letters were sent by another paralegal, Melissa Bernard of Morgan & Morgan, which has 10 offices in Florida. (*See* Bernard LinkedIn Page, attached to the Green Decl. as **Exhibit 3**, and Morgan & Morgan's contact Page, attached to the Green Decl. as **Exhibit 4**). Ms. Bernard's employer did not appear in the case, and its role in this case is unclear. Thus, while potentially three law firms might now represent the Defaulted Defendants, and might be ghost writing their filings, no counsel has appeared for them.

## 2.0    ARGUMENT

Those documents submitted by the Defaulted Defendants, which the Court has characterized alternately as an Answer or Letters, are rogue filings that should be stricken. When the letters were submitted, Defaulted Defendants had already defaulted, and a Motion for Default

Judgment had been filed against them. Moreover, they do not present meritorious defenses. If the Court does not believe striking under Rule 12(f) is in order, then it should simply take no action on them, neither in response to the motion for default judgment nor otherwise acting to set aside the defaults entered against Johanna Celsis, Le Petit Cadeau, and Jonathan Finklea pursuant to Fed. R. Civ. P. 55. Finally, Mr. Finklea, Ms. Celsis, and Le Petit Cadeau should be required to inform this Court and Plaintiff if they are represented by counsel and who that counsel is.

### 2.1 The Rogue Pleadings Should be Stricken

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, this Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." By its own specific language, motions brought under this Rule are limited to pleadings, which the Federal Rules define as a complaint, an answer to complaint, an answer to a counterclaim, an answer to a cross claim, a third-party complaint, an answer to a third party complaint, and (if ordered) a reply to an answer. *See* Fed. R. Civ. P. 7(a). Here, the Court has characterized the letters that the Defaulted Defendants sent as an Answer. Thus, the letters are properly the subject of the instant Motion, and they should be stricken pursuant to Rule 12(f).

The Court defaulted these individuals because they "failed to plead or otherwise defend" themselves from the First Amended Complaint in a timely fashion. Fed. R. Civ. P. 55(a). The rogue documents are, therefore, immaterial under Rule 12(f). "'Immaterial matter' has no important relationship to the claim or defense[.]" *Badilo v. City of Deerfield Beach*, 2013 U.S. Dist. LEXIS 99091, *3 (S.D. Fla. Jul. 16, 2013). A defense contained in an answer should be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (S.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.*

The letters do not present the Court with sufficient defenses to Plaintiff's claims against the Defaulted Defendants and, therefore, no important relationship to the claims or defenses.[2] The letters state, in unsworn fashion, that the Defaulted Defendants are no longer affiliated with the cabaret (*i.e.* they "currently have no legal ties binding them" to Foxxy Lady Cabaret); however, their current status does not relieve them of liability for their prior infringement. Notably, the letters state or imply that they used to be affiliated with the operation and ownership of the cabaret. It is, therefore, immaterial under Rule 12(f) whether the Defaulted Defendants are no longer affiliated with the cabaret. The submitted letters do not excuse Defendants' prior infringement or provide them with grounds to request that they be dismissed from this case. The documents should be stricken.

### 2.2   The Letters Do Not Implicate the Motion for Default Judgment

To the extent the letters could constitute a response to the motion for default judgment, they should not be considered or otherwise interfere with the allowance of the pending motion. Nothing in the letters constitutes a proper response to the motion for default judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) ("While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law.") The letters do not show any facts are not well-pleaded or contest any legal conclusions. At most, they relate to whether they have any ongoing or future obligations, which is about the nature of relief against them; however, their current status does not preclude any of the relief sought in the motion for default judgment from

---

[2]   Defendant Celcis purports to write on behalf of Defendant Le Petit Cadeau, LLC, but Celcis is not known to be an attorney admitted in the bar of this court. "A limited liability company must be represented by counsel and cannot proceed *pro se.*" *T v. Rodriguez-Padron Eng'g,* 2023 U.S. Dist. LEXIS 75490, *1 (S.D. Fla. May 1, 2023) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

being entered against them. They can still be made to pay damages for their past malfeasance, and the injunctive relief sought, from using the Mark or any confusingly similar variation, can still be issued against them, whether or not they are presently infringing on the Mark. Thus, judgment by default should enter against them.

### 2.3 Similarly, the Defaulted Defendants Lack Good Cause to Set Aside Their Defaults

To the extent the letters may constitute a request to set aside default, such should not be entertained. Once default was entered, the Court may only set it aside for good cause. *See* Fed. R. Civ. P. 55(c). "Good cause" for purposes of Rule 55 is defined as:

> [A] mutable standard varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable for willful, whether setting it aside would prejudice the adversary, and whether the Defaulted party presents a meritorious defense.

*Cohen v. Burlington, Inc.*, 2022 U.S. Dist. LEXIS 151772, at 5-6 (S.D. Fla. Aug. 23. 2022) (quoting *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). "[I]f a party willfully defaults by displaying either an intentional or reckless disregard from the judicial proceedings, the court need make no other findings in denying relief." *Id.* The defaulted defendant has the burden of establishing good cause. *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202-03 (11th Cir. 1999).

Defaulted Defendants offer no excuse for their failure to timely answer. Rather, Defaulted Defendants can be fairly and accurately construed as showing "an intentional or reckless disregard" for these judicial proceedings. They were served with and on notice of this action, yet they let the deadline to respond to the First Amended Complaint lapse. They apparently knew enough to retain counsel and may have three competent, well-known law firms representing them.

Presumably, these law firms were competent enough to advise the Defaulted Defendants to ask the Court to set the defaults aside, presenting good cause and a meritorious defense, yet they did not do so, whether by conscious choice or lack of cause or defense.

Moreover, Plaintiff was prejudiced by their delay and forced Plaintiff to spend significant fees on the motion for default judgment. In fact, counsel for the Responding Defendants did not even request that the Defaulted Defendants be included in the settlement agreement until after the Motion for Default Judgment was filed against them. Whether this was intentional or reckless behavior on their part, they still forced Plaintiff to spend thousands of dollars on a Motion for Default Judgment, and then at the signature stage of things, insisted on adding in multiple other parties. There should be no reward for this conduct, whether it was intentional or simply negligence, and the default should stand.

Finally, as noted above, the letters submitted to the Court by the Defaulted Defendants do not present a meritorious defense. Mr. Finklea's letter to the Court admits that he was previously involved with the Responding Defendants' Cabaret but alleges that he is not currently associated with it. (*See* Doc. No. 57) The letter provided by Ms. Celsis and Le Petit Cadeau simply states that they "***currently*** have no legal ties" binding them to the Responding Defendants' Cabaret. (*See Id*. (emphasis added))

Assuming the representations made by Finklea, Celsis, and Le Petit Cadeau are true, the only conclusion that the Court can draw from them is that the Defaulted Defendants used to be affiliated with the Foxxy Lady Cabaret at one time (a time in which the infringement took place), but no longer are. In that case, they are still liable for their past trademark infringement and the other claims asserted in the First Amended Complaint. And the relief sought may be entered

against them. However, they have not presented meritorious defenses that give this Court grounds to set aside the defaults against them.

### 2.4 The Defaulted Defendants Should Inform Plaintiff and the Court Who, if Anyone, Represents Them

Plaintiff Foxy Lady does not currently know who, if anyone, represents Jonathan Finklea, Johanna Celsis, and Le Petit Cadeau. The Chase Firm, who represents the Responding Defendants, negotiated on behalf of the Defaulted Defendants but has not appeared on their behalf. Paralegals from two other firms sent the rogue letters to counsel and the Court, but no one from that firm has made an appearance either. Moreover, non-attorney paralegals are not permitted to practice law and represent any of the Defaulted Defendants. Finally, while Ms. Celsis and Mr. Finklea are permitted to represent themselves, neither of them can represent Le Petit Cadeau, a Florida limited liability company.

However, the potential that these defendants are represented leaves Plaintiff's counsel in a quandary, as they cannot attempt to reach out and negotiate with potentially represented parties. *See* Fla. R. Prof. Conduct 4-4.2. As such, Plaintiff Foxy Lady seeks clarification from the Defaulted Defendants:

i) Who represents them in this litigation, if anyone?
ii) What is the role of the Chase Firm with regards to their representation?
iii) What is the role of Bressler Amery & Ross?
iv) Is Ms. Ebite Evehe engaged in the unauthorized practice of law without a law license?
v) What is the role of Morgan & Morgan?
vi) Is Ms. Melissa Bernard engaged in the unauthorized practice of law without a law license?

The answers to these questions should be just as meaningful to this Court as they are to Plaintiff, and Plaintiff asks this Court to order that the Defaulted Defendants answer these questions.

**3.0  CONCLUSION**

The documents filed by the Defaulted Defendants should be stricken, as they present defenses that are wholly insufficient pursuant to Rule 12(f). They present no basis to resist the motion for default judgment or to set aside the defaults entered against them pursuant to Rule 55. Finally, the Court should order the Defaulted Defendants to reveal who, if anyone, represents them in this action and what the roles of the three law firms and two paralegals are in this litigation.

**CERTIFICATE OF GOOD FAITH CONSULTATION**

Pursuant to Local Rule 7.1(a)(3), counsel for the movant has not conferred with Defendants Finklea, Celsis, or Le Petit Cadeau prior to filing this Motion. These Defendants are in default, and Plaintiff filed for default judgment against them before they sent their rogue documents to the Court. Moreover, as stated in this Motion, Plaintiff is unaware of whether these Defendants are represented by counsel and seek clarification of same.

Dated: June 15, 2023

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S Biscayne Blvd #2600
Miami, FL 33131
Tel: (888) 887-1776

Ronald D. Green (*pro hac vice*)
rdg@randazza.com
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
Tel: (888) 887-1776

Robert J. Morris, II (*pro hac vice*)
rjm@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776

        Richard J. Mockler III (FL Bar No. 563986)
        MOCKLER LEINER LAW, P.A.
        600 N Willow Suite 101
        Tampa, FL 33606
        richard@mlfloridalaw.com

        Attorneys for Plaintiff
        Gulliver's Tavern d/b/a Foxy Lady

RANDAZZA | LEGAL GROUP

Case No. 1:23-cv-20032-KMW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15th, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP