## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO. 1:23-cv-20032-KMW

GULLIVER'S TAVERN, INC., DBA FOXY
LADY,

Plaintiff,

      vs.

ALERTE ENTERTAINEMENT, INC. D/B/A
FOXXY LADY CABARET; HUSH
ENTERTAINMENT SERVICES, INC; LE
PETIT CADEAU, LLC; ELIE BELLUNE;
JONATHAN FINKLEA; and JOHANNA M.
CELCIS,

Defendants.

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants Hush Entertainment Services Inc. ("Hush"), Alerte Entertainment Inc. ("Alerte") and Elie Bellune ("Bellune") by and through their undersigned counsel, respectfully submit this Reply ("Reply") to Plaintiff's Opposition ("Opposition") to Defendants' Motion to Dismiss ("Motion") and, in support thereof, state as follows:

Preliminarily, Plaintiff erroneously contends in its Opposition that it was not *previously* advised that Alerte and Bellune are improper Defendants in this action. Plaintiff's own Exhibit 1, however, demonstrates Defendants' attempts to confer with Plaintiff's Counsel Mr. Green regarding dismissing Alerte and Bellune from the case on May 25, 2023, not May 26, 2023, stating:

> Regarding the Defendants Alerte Entertainment, Inc. and Mr. Bellune in his individual capacity, we wanted to see if you'd be open to dismissing them from the case due to their being improper parties to respond to your client's claims, for the following reasons:

(1) Defendant Alerte Entertainment, Inc. is a legal entity completely separate from Hush Entertainment Services, Inc. with a separate federal taxation number and bank account.

(2) Defendant Hush Entertainment Services, Inc. is a proper Defendant, as operator of the establishment in question; and should be the sole focus of the proceedings before us. But Bellune in his personal capacity has not violated or breached his duties as a director of Hush Entertainment Services, Inc.; and there are no allegations from your side to suggest his abuse of the corporate form.

Please advise whether you'd be open to filing the dismissal in question, or whether we'll be forced to file our Motion to Dismiss in relation to these improper parties.

*See generally,* Plaintiff's Exhibit 1 to Opposition to Defendants' Motion to Dismiss. Moreover, the reason the undersigned contacted Mr. Green the day *prior* to the deadline date for Defendants' response to the Amended Complaint was Plaintiff's surprising failure to negotiate a settlement of this matter in good faith.  After conferring with Plaintiff's counsel, and without an agreement from Plaintiff to dismiss Alerte and Bellune as improper parties, Defendants were left with no option but to file its Motion on May 26.  The Motion identified several fatal deficiencies within the "four corners" of the Amended Complaint, including not only that Defendants Alerte and Bellune are improper parties in this action but also that the Amended Complaint is vague and conclusory in violation of Fed. R. Civ. P. 8.

Rule 8 provides that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See, Fed.R.Civ.P. 8(a)(2). This Rule does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *See Resnick v. AvMed, Inc.,* 693 F.3d 1317, 1324 (11th Cir.2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Importantly, "the complaint must contain enough facts

to make a claim for relief plausible on its face." *Id. at 1324–25*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679 *(*citing *Twombly,* 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 *(*citing *Twombly,* 550 U.S. at 556)*.* This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556).

The Amended Complaint here "pleads facts that are 'merely consistent with' Mr. Bellune's personal liability for the acts of Hush; it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id. (*quoting *Twombly,* 550 U.S. at 557*)*. Where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*   The Eleventh Circuit has consistently been clear that "if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done…if an individual actively and knowingly caused the infringement, he is personally liable." *Chanel, Inc. v. Italian Activewear of Fla., Inc.,* 931 F.2d 1472 (11th Cir. 1991) (citations and internal quotation marks omitted). However, in order "[t]o support an infringement claim against an individual, it is necessary that a complaint pleads that the individual 'actively and knowingly caused the infringement.'" *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.,* No. 14-62216-CIV, 2015 WL 1526177, at *4 (S.D. Fla. Apr. 3, 2015) (quoting *Chanel,* 931 F.2d at 1477)*.*

In *Edmondson v. Velvet Lifestyles, LLC,* 43 F.4th 1153 (2022), the plaintiffs brought an action against a limited liability company (LLC) nightclub operator, its president and manager, and also the LLC's managing member, alleging claims for false advertising and false endorsement

under the Lanham Act. The Eleventh Circuit held that the "plaintiffs had to show that [managing member, LLC] itself was directly involved in the Lanham Act violations, and they failed to do so" *Id.* at 1163, because they "only point to evidence that shows that [managing member, LLC] was linked to [nightclub] and [nightclub operator, LLC] through the governing management structure". *Id.* The *Edmondson* court also held that plaintiffs "fail to point to any evidence that [nightclub's president, natural person] was involved in the Lanham Act violations, let alone that she was a moving force who actively and knowingly caused the false advertisements or false endorsements." *See Id.* at 1164.

In its Amended Complaint, Plaintiff similarly fails to point to any conduct by Mr. Bellune that would involve him personally in the alleged Lanham Act, common law or FDUTPA violations, let alone that he was a moving force who actively and knowingly caused them. The only reference to Defendant Bellune in the Amended Complaint is included in paragraph 14 thereof, stating that "Elie Bellune is the owner and operator of the Foxxy Lady Cabaret in North Miami, Florida and is an officer with Defendants FLC and Hush." *See,* Amended Complaint ¶14. Plaintiff failed to charge (nor could it) that Mr. Bellune had any knowledge of the alleged infringement or that he "actively participated as a moving force in the decision to engage in the [allegedly] infringing acts". *See generally,* Amended Complaint. In fact, Bellune was unaware of the alleged infringement until this case.

Furthermore, the Amended Complaint is devoid of any allegations of involvement by Alerte in any of the operations or reporting on behalf of the actual business, formerly named "Foxxy Lady Lounge". In its Amended Complaint, Plaintiff has not presented anything other than unadorned, conclusory accusations of any involvement by Alerte in any of the operations or reporting on behalf of the actual business, the formerly named "Foxxy Lady Lounge". The Plaintiff

simply treated Defendants Hush and Alerte (as well as Bellune) as one and the same.

However, Alerte is a separate legal entity from Hush Entertainment Services Inc. with a separate federal tax number, bank account, and operation, and is not the holder of any of the licenses attributable to the business of Hush. The only link between the two entities is in the form of Mr. Bellune's ownership of each entity, and the commonality of their addresses. There is no allegation of a parent-subsidiary relationship, or conduct that would allow the "piercing of the veil" between the two entities in the Amended Complaint, either in relation to the Alerte Defendant or Bellune Defendant. The two entities are not even part of one another's management structure.

The Florida Supreme Court has unequivocally stated that "the corporate veil may not be pierced absent a showing of improper conduct." *See Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So. 2d 1114, 1122 (Fla. 1984)). Florida cases after *Dania* looked to shareholders' subjective motivation, and not to the effect of their actions. *In Steinhardt v. Banks*, 511 So.2d 336 (Fla. 4th DCA) (per curiam), rev. denied 518 So.2d 1273 (Fla.1987), the Fourth District Court of Appeal offered a "workable formula for applying the [*Dania*] reference to 'improper conduct'." The court stated: "Florida decisions uniformly hold that courts will look through the screen of corporate entity to the individuals who compose it in cases in which the corporation was a mere device or sham to accomplish some ulterior purpose, [...] or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose, or where the corporation was employed by the stockholders for fraudulent or misleading purposes, was organized or used to mislead creditors or to perpetrate a fraud upon them, or to evade existing personal liability." *Id*. Improper conduct must thus be deliberate misconduct. *See also Barkett v. Hardy*, 571 So.2d 13 (Fla. 2d DCA 1990) (absence of corporate formalities, lack of equity capital, proof of domination and control, and that corporation was used as a vehicle for personal interest were insufficient to establish improper

conduct); *Futch v. Head*, 511 So.2d 314 (Fla. 1st DCA) (veil pierced where shareholder employed corporation to cheat co-broker out of a sales commission), rev. denied, 518 So.2d 1275 (Fla.1987); *U–Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir.1986) (interpreting *Dania* to require actual fraud as a prerequisite to alter ego liability for trademark infringement).

In *U-Haul*, a trademark infringement case similar to the matter here, the Ninth Circuit interpreting *Dania,* found that there was no alter ego liability.   In this present case there is, similarly, no actual fraud, and Plaintiff's Amended Complaint does not plead any facts that Alerte or Bellune committed actual fraud so as to be liable as an alter ego of Hush.  In the present case, the Amended Complaint equally fails to establish that Alerte or Bellune were directly involved in (or even knew about) the alleged Lanham Act violations, and failed to allege that Bellune was a moving force who actively and knowingly caused them.

Moreover, under Fed. R. Civ. P. 8, "a complaint meets the applicable 'notice' pleading standard if it notifies the adverse party of the claim and the proposed relief to a degree sufficient to enable the adverse party to formulate a response." *See Techworks, Inc. v. H.M. Seiden Consulting, Inc.*, Case No. 06-60572, 2006 WL 8432537, at *1 (S.D. Fla. Sept. 11, 2006) (Altonaga, J.). Specifically, "litigants must separate distinct claims into separate counts so that the opposing party and the Court can properly analyze each of them." *Id*. Under Rule 10, "a proper complaint will present each claim for relief in a separate count and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming." *Id*. at *2. This is important because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Id*. *Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV, 2019 WL 1904589, at *4 (S.D. Fla. Mar. 8, 2019).

As in *Blue Water*, here Count II does not comply with pleading requirements under the Federal Rules. Count II of Plaintiff's Complaint is titled "Unfair Competition – 15 U.S.C. § 1125(a)" and states that "Defendants' use in commerce of marks identical to Plaintiff's in connection with Defendants' services, which are the same as Plaintiff's, constitutes a false designation of origin" in Paragraph 40 and then, in Paragraph 42 states that "As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill." *See,* Amended Complaint ¶¶ 40, 42. Section 1125(a) refers to Section 43(a) of the Lanham Act, which creates a cause of action for false designation of origin.  This is different from a claim for unfair competition under 15 U.S.C. § 1114.  Commingling various theories of liability within individual counts renders Plaintiff's Complaint an inappropriate basis upon which to evaluate its allegations. *See Techworks, Inc*., 2006 WL 8432537, at *2 (citations and quotations omitted).  Accordingly, the Court should dismiss Count II for failure to meet pleading requirements under the Federal Rules.

Next, and similarly fatal to the whole of the Amended Complaint, "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a defective 'shotgun pleading.'" *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.,* 261 F. App'x. 274, 277 (11th Cir. 2008). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *See, Jackson v. Bank of Am., N.A*., 898 F.3d 1348, 1356-57 (11th Cir. 2018). Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates ... [and] courts cannot perform their gatekeeping function with regard to

the averments of [the plaintiff's claim]." *See, Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279-80 (11th Cir. 2006).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321-23 (11th Cir. 2015). Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294-95 (11th Cir. 2018). Importantly, "courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Id.* at 1295 (citation omitted). Furthermore, the Eleventh Circuit has repeatedly explained that when a district court receives a shotgun pleading from any party, the Court "should strike the [pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson,* 898 F.3d at 1357–58. This instruction applies "even when the other party does not move to strike the pleading." *Id.* (citing *Vibe Micro,* 878 F.3d at 1295); *see also, e.g., Est. of Bass*[,] 947 F.3d [at] 1358 [ ] ("[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case" in compliance with Rule 8(a)(2) and *Iqbal* "even if the other party does not move the court to strike the pleading."); *See Taylor v.*

*Royal Caribbean Cruises Ltd.*, 20-22161-CIV, 2020 WL 3257988, at *1 (S.D. Fla. June 16, 2020).

In this case, Plaintiff's Amended Complaint pleads "multiple counts where each count adopts the allegations of all preceding counts" and fails to provide the Defendants with adequate notice of the claims against them and the grounds upon which each claim rests, since each claim is pled against multiple Defendants without delineating what conduct is attributed to which Defendant. Given the Eleventh Circuit's holding that district courts are to dismiss shotgun pleadings as "fatally defective," *See B.L.E*, 335 F. App'x. at 963, amended on reconsideration in part, No. 21-CV-20862, 2022 WL 845468 (S.D. Fla. Mar. 22, 2022), this Complaint needs to be similarly dismissed for constituting an improper "shotgun pleading" because Counts I-IV each incorporate all prior paragraphs in the Complaint, rendering the final Claim for Relief a combination of the entire Complaint. *See,* Amended Complaint ¶¶ 31, 39, 43, 47.  Because each cause of action is an amalgam of different counts and claims, the Amended Complaint should be dismissed as it fails to articulate its claims with sufficient clarity. It is a shotgun pleading for which this Court should have "little tolerance".

Courts further routinely dismiss claims that are collectively pled against multiple defendants without delineating what conduct is attributed to which defendant. *See Lane v. Capital Acquisitions & Mgmt. Co.,* 2006 WL 4590705, at 5 (S.D. Fla. Apr. 14, 2006).  Fed. R. Civ. P. 8, at a minimum, requires that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *See Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961).  It is well established that a complaint that, like Plaintiff's, "lump[s] all the defendants together in each claim and provides no factual basis to distinguish their conduct" fails to satisfy the minimum standard of Rule 8. *Lane* at 5 (S.D. Fla. 2006). Plaintiff's Amended Complaint is therefore impermissibly vague and conclusory and fails to satisfy the minimum

standard of Rule 8.

To conclude, Plaintiff equally fails to differentiate among Defendants named in the Amended Complaint or attribute any of the challenged conduct to a particular Defendant. And the absence of any such allegation is no accident because no such allegation could be responsibly made. Plaintiff's indiscriminate style of pleading fails to state a claim for relief against the Defendants and doesn't provide the Defendants with fair notice of what the Plaintiff's claim is and the ground upon which it rests. Thus, Plaintiff's Amended Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Hush Entertainment Services Inc., Alerte Entertainment Inc., and Elie Bellune respectfully request that the Court dismiss the Amended Complaint with prejudice.

Dated: June 16, 2023

Respectfully submitted,

CHASELAWYERS

_/s/ Barry Chase_
Barry Chase, Esq.
ChaseLawyers
21 SE 1st Avenue, Suite 700,
Miami, Florida, 33131
Telephone: (305) 373-7665
Facsimile: (305) 373-7668
Email: barry@chaselawyers.com

*Attorneys for Defendants Alerte Entertainment Inc., Hush Entertainment Services Inc., and Elie Bellune*

**<u>CERTIFICATE OF SERVICE</u>**

I, Barry Chase, certify that on June 16, 2023, a true and correct copy of the foregoing

Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss was filed with

the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

<u>    /s/ Barry Chase</u>
Barry Chase, Esq.