UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20032-WILLIAMS/REID

GULLIVER'S TAVERN, INC.,
*D/B/A FOXY LADY*,

      Plaintiff,

v.

ALERTE ENTERTAINMENT, INC., *et al.*,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON MOTION FOR
ENTRY OF FINAL DEFAULT JUDGMENT**

      This cause is before the Court on Plaintiff Gulliver's Tavern, Inc.'s ("Plaintiff" or "Foxy Lady") Amended Motion for Entry of Final Default Judgment (the "Motion") against Defendants Jonathan Finklea, Le Petit Cadeau, LLC, and Johanna M. Celcis (collectively the "Defaulting Defendants"). [ECF No. 51]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 52]. For the reasons addressed below, it is **RECOMMENDED** that the Motion be **DENIED** without prejudice as premature.

**BACKGROUND**

      This is an action for trademark infringement, unfair competition, common law trademark infringement, and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). [ECF No. 51 at 1]. Plaintiff is also seeking damages pursuant to 15 U.S.C. § 1117(c) and an award for costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a). [*Id.*]. Plaintiff is a Rhode Island

1

corporation that operates the Foxy Lady adult entertainment club. [*Id.* at 3]. Plaintiff owns the Foxy Lady name and registered federal mark. [*Id.*].

Defendant Finklea was served with the Summons and Revised First Amended Complaint via personal service on March 14, 2023. [ECF No. 26]. Defendants Le Petit Cadeau, LLC and Celcis were served with the Summons and Revised First Amended Complaint via substituted service on April 1, 2023. [ECF Nos. 33 and 34]. After failing to appear, a clerk's default was entered for each Defaulting Defendant. [ECF Nos. 44 and 46]. Defendants Alerte Entertainment, Inc. d/b/a/ Foxxy Lady Cabaret ("FLC"), Elie Bellune, and Hush Entertainment Service, Inc. (the three "Responding Defendants") have appeared and are actively litigating this action.

On May 24, 2023—two weeks after the Motion was filed—Defaulting Defendants filed their "letters to [the] Court." [ECF No. 57]. The letters state that the Defaulting Defendants are not currently associated with LPC and requested that the Court "remove" them from this case. [*Id.*].

On June 15, 2023, Plaintiff filed a Motion to Strike the Defaulting Defendants' letters. [ECF No. 63]. Because Plaintiff's Motion to Strike references this Motion for Default Judgment, the Undersigned considers the arguments in the Motion to Strike in its analysis here.

## DISCUSSION

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted*, 2021 WL 136287 (S.D. Ala. Jan 13, 2021). Rule 55(b)(2) provides that

a court may enter default judgment against a defendant who has failed to defend the lawsuit. *See* Fed. R. Civ. P. 55(b)(2).

"A defendant's default alone does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit has explained that there is a sufficient basis in the pleadings when the complaint could survive a motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

### A. The Responding Defendants are Still Litigating the Claims

Generally, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Diamond Resorts U.S. Collection Dev., LLC v. Miller*, 6:20-CV-1668-PGB-LRH, 2021 WL 9511299, at *1 (M.D. Fla. July 26, 2021) (quoting *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988). But this rule has exceptions, like cases with more than one defendant. Judgment in such cases "should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, Case No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). The risk is logically inconsistent judgments. *See Frow*, 82 U.S. at 554.

This Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint. In this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Diamond Resort U.S.*

*Collection Dev.*, 2021 WL 9511299 at *2 (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp. Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)) (citation omitted).

In a footnote to its Motion, Plaintiff argues that the Defaulting Defendants are jointly and severally liable, and the award will not cause issues of inconsistent judgments. [ECF No. 51 at 11 n.4]. Plaintiff places the Defaulting Defendants in a different position than the Responding Defendants, who "may have a different finding of willfulness after trial, and there is an opportunity to show actual damages against the [Responding] [D]efendants." [*Id.*].

In accordance with this Circuit's case law, the likelihood of inconsistent judgments against these parties is high given the fact that all defendants are similarly situated through their alleged connections to FLC. This is true regardless of whether liability is deemed joint or not. Therefore, entering a default judgment at this stage is premature.

### B. The Defaulting Defendants' Nexus to the Claims

It is well established that defaulting defendants are deemed to have admitted a plaintiff's well-pleaded factual allegations. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). But the Defaulting Defendants' letters regarding their lack of legal ties to FLC, along with the information provided in the Revised First Amended Complaint, the Motion, and the Motion to Strike, create more confusion regarding the Defaulting Defendants' liability in this case.

The Court will summarize the Defaulting Defendants' connection to FLC. According to the Revised First Amended Complaint and the Motion, Finklea is an "owner," "operator," and "President" of FLC. [ECF Nos. 24 at 3 and 51 at 4]. Le Petit Cadeau, LLC is a limited liability company "involved in the ownership" and "operation" of FLC. [*Id.*]. Celcis is described as the "CEO" of Le Petit Cadeau, LLC in the Motion and as an "officer" in the Revised First Amended Complaint. [*Id.*]. She is also involved in the "owner[ship] and oper[ation]" of FLC. [*Id.*]. The

Motion to Strike highlights the Defaulting Defendants' *former* association with FLC, arguing that this affiliation makes them liable for their past trademark infringement. [ECF No. 63 at 8].

The Motion for Entry of Final Default Judgment provides additional insight regarding these defendants' connections to FLC. Finklea appears in a 2021 Amendment to Alerte Entertainment Inc.'s corporate record. [ECF No. 51-4]. The amendment replaces Bellune with Finklea as President of the corporation. [*Id.* at 5]. But it is unclear whether Finklea continues to hold this position in the company today or the extent of his role as owner, operator, and President of FLC. Celcis appears as the registered agent and CEO of Le Petit Cadeau, LLC. [ECF No. 51-5]. But Le Petit Cadeau, LLC's connections to FLC are also unclear. No explanation is provided regarding the relevance of the LLC's corporate records cited in Exhibit 5 of the Motion. Similarly, Celcis is allegedly involved with the ownership and operation of FLC, yet the corporate documents in the Motion do not reflect as much. The Court "cannot enter default judgment simply on the basis of a clerk's default." *Boraks v. Daniels*, 10-23095-CIV, 2011 WL 4566218, at *3 (S.D. Fla. Sept. 29, 2011). In Order to enter final default judgment, the Court needs more information regarding these purported ties and the Defaulting Defendants' participation in the claims alleged.

Plaintiff also fails to describe how a judgment against the Defaulting Defendants—all of which denied ties to FLC in their letters to the Court—would remedy the alleged infringement. This issue is crucial, as Plaintiff is asking the Court to enter a default judgment against Defaulting Defendants in the amount of $1 million in statutory damages, over $30,000 in attorneys' fees and costs, and a permanent injunction, all the while continuing to litigate the same claims against FLC and the other Responding Defendants. Indeed, Plaintiff may be entitled to relief based on these defendants' *former* affiliation with FLC, but even their former affiliations are unclear. In light of these issues, the Court requires further clarification regarding the Defaulting Defendants' current

and former roles in FLC, which can be provided when the Motion is re-filed after the matter is adjudicated as to all defendants.

## CONCLUSION

This Circuit maintains a "strong policy of determining cases on their merits and . . . view[s] defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). The likelihood of inconsistent judgments is high, and the *pro se* letters raise questions regarding the Defaulting Defendants' ties to FLC. For these reasons, the Undersigned **RECOMMENDS** that the Motion [ECF No. 51] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 9th day of November, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams**; and

**All Counsel of Record**