UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20032-WILLIAMS/REID

GULLIVER'S TAVERN, INC.,
*D/B/A FOXY LADY*,

    Plaintiff,

v.

ALERTE ENTERTAINMENT, INC., *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This cause is before the Court on Plaintiff Gulliver's Tavern, Inc.'s ("Plaintiff" or "Foxy Lady") Motion to Strike the letters submitted by Defendants Jonathan Finklea, Le Petit Cadeau, LLC, and Johanna M. Celcis (collectively the "Defaulting Defendants"). [ECF No. 63]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams pursuant to the Order of Referral and Notice of Court Practices. [ECF No. 7]. For the reasons addressed below, it is **ORDERED** that the Motion to Strike be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This is an action for trademark infringement, unfair competition, common law trademark infringement, and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). [ECF No. 51 at 1]. Plaintiff is also seeking damages pursuant to 15 U.S.C. § 1117(c) and an award for costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a). [*Id.*]. Plaintiff is a Rhode Island

1

corporation that operates the Foxy Lady adult entertainment club. [*Id.* at 3]. Plaintiff owns the Foxy Lady name and registered federal mark. [*Id.*].

On May 24, 2023, Defaulting Defendants filed their "letters to [the] Court." [ECF No. 57]. Finklea's letter states that he "received documents regarding this suit" and that he "should not have received any documentation [because he] only worked for the Defendant's Company, [FLC,] for a short period of time as a Security Guard." [*Id.* at 1]. He concluded that he currently has "no legal ties binding [him]" to Defendants FLC, Le Petit Cadeau LLC, Murale's Bric A Bric, LLC, [1] and Celcis, and requested that the Court "disassociate" him from the suit. [*Id.*]. Similarly, Celcis's letter states that she currently has "no legal ties binding [her] to the entity [FLC]" and asks the Court to "remove" her and Le Petit Cadeau, LLC from the suit. [*Id.* at 2].

On June 15, 2023, Plaintiff moved to strike the Defaulting Defendants' letter. [ECF No. 63]. According to the Motion to Strike, Plaintiff and Responding Defendants initiated settlement negotiations and discussed the possibility of including Defaulting Defendants in the settlement and release agreement. [*Id.* at 3]. The negotiations fell through, and the Defaulting Defendants filed their letters with the Court thereafter. [*Id.* at 4].

Plaintiff asks the Court to strike the letters under Federal Rule of Civil Procedure 12, or, alternatively, to take no action on them. Further, Plaintiff claims the letters were e-mailed to counsel from an individual that is employed at the law firm Bressler Amery & Ross. [*Id.*]. The letters to the Court were sent via FedEx by an individual associated with the law firm Morgan & Morgan. [*Id.*]. As a result, they also ask the Court to require the Defaulting Defendants to inform

---

[1] Defendant Murale's Bric A Bric, LLC was terminated by Judge Williams on April 10, 2023. [ECF No. 40].

the court whether—and by whom—they are represented. [ECF No. 63 at 5]. The Court will analyze Plaintiff's arguments in the following section.

## DISCUSSION

As an initial matter, the letters were originally classified by the Court Clerk as Answers to the Revised First Amended Complaint but were later reclassified as "Letters." [ECF No. 69 at 2]. Under Rule 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike functions to "avoid the needless expenditure of time and money that arises from litigating spurious issues." *Regions Bank v. Greater Deliverance Church, Inc.*, 5:22-CV-246-MW-MJF, 2023 WL 2731713, at *3 (N.D. Fla. Feb. 2, 2023) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)).

Further, under Fed. R. Civ. P. 8(b), a proper response to the complaint requires a defendant either admit or deny the allegations, or explain that it is without sufficient knowledge to admit or deny the allegation. Fed. R. Civ. P. 8(b)(1)(B), (b)(5). Rule 8(b) also requires that the responding party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Further, under Rule 10, "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As such, when a party asserts an affirmative defense, it is "subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*." *Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc.*, 333 F.R.D. 600, 601 (S.D. Fla. 2019). That is, it must provide "a short and plain statement" of the defense asserted. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

*Pro se* filings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam); see *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). In fact, courts "provide *pro se* parties wide latitude when construing their pleadings and papers." *Securities and Exchange Com'n v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992). The Court must use its common sense to determine what relief the *pro se* party is seeking. [*Id.*].

**A. The Letters as Answers to the Complaint**

Plaintiff argues and the Undersigned agrees the Letters are insufficient to constitute a proper answer to the complaint. [ECF No. 63 at 6].

First, as to Le Petit Cadeau, LLC, the letter cannot be interpreted as an answer because the company cannot proceed *pro se*. "A corporation is an artificial entity which cannot appear *pro se* in legal proceedings but must be represented by counsel." *Fed. Trade Comm'n v. Gem Merch. Corp.,* 1995 WL 623168, at * 1 (11th Cir.1995) (per curiam), citing *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir.1985)). This entity is "prohibited from proceeding *pro se* in the Southern District of Florida." *Choice of Champions Int'l, Inc. v. Champions Choice USA, Inc.*, 09-81146-CIV, 2009 WL 10667757, at *1 (S.D. Fla. Nov. 13, 2009), *report and recommendation adopted*, 09-81146-CIV, 2009 WL 10667758 (S.D. Fla. Dec. 21, 2009). Thus, because Celcis is not an attorney, she cannot represent Le Petit Cadeau, LLC. The letter filed by Le Petit Cadeau, LLC shall be stricken.

As to Finklea and Celcis, the letters clearly violate the Federal Rules of Civil Procedure for two reasons. They fail to respond to each numbered allegation in the First Amended Complaint. *See* Fed. R. Civ. P. 10(b). And, even if the Court construes the statement "I currently have no legal ties binding me to . . . [FLC,]" as a general denial to all the allegations in the First Amended

Complaint, the denial fails to meet the requirements of Fed. R. Civ. P. 8(b). [ECF No. 57 at 1–2]. "[G]eneral denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure." *Two Men & a Truck/Int'l, Inc. v. Empire Moving & Storage Inc.*, 11-62452-CIV, 2012 WL 12863124, at *2 (S.D. Fla. Nov. 14, 2012) (quoting *Spencer v. Coventry Health and Life Ins. Co.*, 2007 WL 4577647, at *1 (S.D. Ala. 2007)). This is because "a general denial . . . is appropriate only when 'the pleader intends in good faith to controvert all the averments of the preceding pleading . . . [And] [a]ny such general denial is expressly made 'subject to the obligations set forth in Rule 11.'" *Id.* (*citing* Fed. R. Civ. P. 8(b)). Finklea and Celcis cannot, in good faith, deny every single fact in the complaint, including easily verifiable factual background such as the principal place of business of FLC or cited statutes, such as the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ch. 501. [ECF No. 24 at 3, 8].

However, motions to strike are disfavored by federal courts. *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1364 (S.D. Fla. 2009) (citing *Craig Funeral Home, Inc. v. State Farm Mutual Auto. Ins. Co.,* 254 F.2d 569, 572 (5th Cir.1958)).[2] A document should not be stricken "unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Sanz*, 633 F. Supp. 2d. at 1364 (citing *Craig Funeral Home, Inc.*, 254 F.2d at 572 (Rives, J. concurring specially). "[A] motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the . . . matter literally is within . . . the categories set forth in Rule 12(f)." *Reinhardt v. Agwunobi*, 4:05CV107-WS/WCS, 2005 WL 8164133, at *1 (N.D. Fla. Oct. 12, 2005) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990)).

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit issued prior to the close of business on September 30, 1981 are binding as precedent in the Eleventh Circuit. *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981).

Here, although the letters fail to properly address the allegations in the First Amended Complaint, it cannot be said that they have "no possible bearing" on the subject matter of this suit, as the statements address certain allegations concerning the Defaulting Defendants' ties to FLC. *Sanz*, 633 F. Supp. 2d. at 1364 (citing *Craig Funeral Home, Inc.*, 254 F.2d at 572 (Rives, J. concurring specially). More importantly, there is no prejudice by these documents to any party in this suit.

Therefore, as to the letters submitted by Defendants Finklea and Celcis, the Court denies the relief sought in the Motion to Strike to the extent that the letters should be stricken. The Court grants the relief sought to the extent that the court take no action on the letters. [ECF No. 63 at 5].

### B. The Letters as Motions to Vacate the Default

Next, Plaintiff argues that the letters should be stricken as responses to the Motion for Default Judgment. [ECF No. 63 at 6]. Further, the letters—at most—relate to whether the Defaulting Defendants "have any ongoing or future obligations, which is about the nature of relief against them" and that the letters do not preclude the relief sought, including payment of damages and injunctive relief. [*Id.* at 6–7]. To the extent the letters constitute a request to set aside the default, Plaintiff states that the Court may only do so upon a showing of good cause, which is clearly lacking in Defaulting Defendants' letters. [*Id.* at 7].

Whether or not the Court construes the letters as motions to vacate or set aside the default is inconsequential, as they lack substance and fail to address the Motion for Entry of Final Default Judgment. In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, 343 F.R.D. 443, 447–448 (S.D. Fla. 2023) (citing *Compania Interamericana*

6

*Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)); See Fed. R. Civ. P. 55(c).

Here, while the Court confers *pro se* parties wide latitude when construing their pleadings and papers, the letters only aver to the Defaulting Defendants' current association with FLC. They fail to discuss the reason for their default or present a meritorious defense. Thus, the letters fail to provide good cause to set aside or vacate the default.

### C. Status of Defaulting Defendants

Finally, the Court will not endeavor into a search expedition of the status of Defaulting Defendants' legal representation, as Plaintiff requests. [ECF No. 63 at 9]. The Defaulting Defendants were served with the Summons and Revised First Amended Complaint and have responded to the allegations in the form of short, conclusory, letters. If these defendants fail to adequately respond to the pleadings and motions in this action, they must cope with the consequences that flow from it, including the entry of final default judgment. The Court need not inquire further.

### CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike [ECF No. 63] be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The letter filed by Defendant Le Petit Cadeau, LLC [ECF No. 57] **SHALL BE STRICKEN**.

2. The Undersigned takes no action as to the letters filed by Defendants Jonathan Finklea and Johanna Celcis [ECF No. 57].

**SIGNED** this 9th day of November, 2023.

_[signature]_

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams; and**

**All Counsel of Record**