UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-20032-CV-WILLIAMS

GULLIVER'S TAVERN, INC.,

    Plaintiff,

v.

ALERTE ENTERTAINMENT, INC., *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on the Motion to Dismiss (DE 58) ("***Motion***") filed by Defendants Alerte Entertainment Inc., Hush Entertainment Services Inc., and Elie Bellune (collectively, "***Defendants***") to which Plaintiff Gulliver's Tavern, Inc. filed a response (DE 62), and Defendants filed a reply (DE 64). For the reasons set forth below, Defendants' Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff, a Rhode Island corporation that operates an adult entertainment club known as the "Foxy Lady" in Providence, Rhode Island, brings this suit against Defendants for alleged trademark infringement, unfair competition, and violation of the Florida Deceptive and Unfair Trade Practices Act. (DE 24 at 4–9.) As owner of the United States Federal Trademark Registration for the FOXY LADY mark,[1] Plaintiff contends that

---

[1] In the Revised First Amended Complaint (DE 24), Plaintiff alleges to be the owner of the FOXY LADY mark, trademark registration number 2,809,938, for live entertainment for adult audiences, including exotic dance performances and restaurant and bar services. (*Id.* at 4.) Plaintiff did not include any additional representations, other than the mark's text, to inform or illustrate the similarity between Plaintiff's registered mark and the mark used by Defendants.

Defendants have used a similar variation of Plaintiff's registered mark to create an connection between Plaintiff's adult club and the club operated by Defendants in North Miami, Florida. (*Id.* at 4–5.)  Specifically, it is alleged that Defendants improperly infringed on Plaintiff's exclusive trademark rights by owning and operating an adult entertainment club under the name of Foxxy Lady Cabaret.[2] (*Id.*)

## II.     LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) ("**Rule 12(b)(6)**") motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels, and conclusions."  *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted).  Rule 12(b)(6) does not allow dismissal of a claim because a court anticipates "actual proof of those facts is impossible," but the "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545)*.*

---

[2] Plaintiff alleges three additional parties to be owner and operator of Foxxy Lady Cabaret—Defendants Le Petit Cadeau ("**LPC**"), Jonathan Finklea ("**Finklea**"), and Johanna M. Celcis ("**Celcis**"). (*Id.* at 3.)  These three (3) Defendants did not join or adopt the instant Motion.  However, Defendants Finklea and Celcis have each filed a separate, one-page motion to dismiss, arguing there are "no legal ties binding" either Defendant to the ownership interest in the Foxxy Lady Cabaret. (DE 76; DE 78.)  The last remaining Defendant, LPC, has failed to timely file a response to Plaintiff's Revised First Amended Complaint.

III.   **DISCUSSION**

Upon review of the Motion and the record in this matter, the Court finds that the Revised First Amended Complaint (DE 24) is an impermissible shotgun pleading and therefore must be dismissed.  Plaintiff's conclusory allegations fail to set forth sufficient factual predicate for the relief requested and, as such, the Revised First Amended Complaint fails to comply with federal pleading requirements, as set forth in Federal Rules of Civil Procedure 8 and 10 ("**Rule 8**" and "**Rule 10**").  *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Relevant to this case, Rule 8(a)(2) requires litigants to include "a short and plain statement of the claim showing that the pleader is entitled to relief" in a complaint. Fed. R. Civ. P. 8(a)(2).  Further, a complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" pursuant to Rule 10(b).  Fed. R. Civ. P. 10(b).  The requirement of "a short and plain statement of the claim" allows defending parties to identify the claims against them and answer with responsive pleadings.  *See* Fed. R. Civ. P. 8(a)(2); *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (noting that rules of procedure "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading.") (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citations omitted)).

Pleadings in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" are disparagingly referred to as "shotgun pleadings." *Anderson*, 77 F.3d at 366; *P&M Corp. Fin., LLC v. L. Offs. of David J. Stern, P.A.*, 2016 WL 1045826, at *2 (S.D. Fla. Mar. 16, 2016) (shotgun pleadings force a court

"to sift through the facts presented and decide for itself which are material to the particular claims asserted."). Such pleadings may be dismissed pursuant to Rule 8 and 10. *Weiland*, 792 F.3d at 1325.

The Eleventh Circuit recognizes four (4) types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Revised First Amended Complaint constitutes at least three (3) of the four (4) types of impermissible shotgun pleadings recognized by the Eleventh Circuit. *Id.* at 1321–23. First, the pleading contains "counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.*; (DE 24 at 5–9.) Next, the Revised First Amended Complaint only advances conclusory and vague facts; (DE 24 at 4–9) Plaintiff describes general actions taken by Defendants—for example, "[t]hrough the

use of the FOXXY LADY mark, Defendants were and are trying to create an association between Plaintiff Foxy Lady and the club operated by Defendants"—without specifying how Defendants had knowledge of Plaintiff's mark or were the moving force behind the alleged infringing activity.  (*Id.*)  Finally, Plaintiff fails to adequately clarify which of the six (6) named Defendants are responsible for what acts, omissions, or violations. Throughout the Revised First Amended Complaint, Plaintiff broadly asserts claims and allegations against all named Defendants, failing to specify which Defendant is responsible for each allegation or claim. (*Id.*)  Accordingly, the Revised First Amended Complaint must be dismissed as an impermissible shotgun pleading.

Plaintiff may cure these deficiencies through the filing of a second amended complaint that complies with the requirements set forth in this Order.  However, Plaintiff is cautioned that failure to comply with the standards set forth in Rule 8(a) and Rule 10(b) may result in dismissal of this action *with prejudice*.  *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) ("When the amended complaint still fails to cure the deficiency, it may be subject to dismissal.").

## IV.   CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion (DE 58) is **GRANTED**.
2. Plaintiff's Revised First Amended Complaint (DE 24) is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff may file a second amended complaint that remedies the defects identified in the Revised First Amended Complaint **WITHIN FOURTEEEN (14) DAYS** of the date of this Order. Plaintiff's failure to timely file a second

amended complaint that is consistent with the pleading requirements discussed above will result in the dismissal of this action without further notice.

4. Defendant Jonathan Finklea's motion to dismiss (DE 76) and Defendant Johanna M. Celcis' motion to dismiss (DE 78) are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 9th day of January, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE