UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-20032-KMW

GULLIVER'S TAVERN, INC., DBA FOXY LADY,

        Plaintiff,

vs.

ALERTE ENTERTAINEMENT, INC. D/B/A FOXXY LADY CABARET; HUSH ENTERTAINMENT SERVICES INC; ELIE BELLUNE; JONATHAN FINKLEA; and JOHANNA M. CELCIS,

        Defendants.

_____/

**DEFENDANTS' ALERTE ENTERTAINMENT INC., HUSH ENTERTAINMENT SERVICES INC AND ELIE BELLUNE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Barry Chase
ChaseLawyers
21 SE 1st Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 373-7665
Facsimile: (305) 373-7668
Email: barry@chaselawyers.com

*Attorneys for Defendants*
*Alerte Entertainment, Inc.,*
*Hush Entertainment Services, Inc.,*
*d/b/a Foxxy Lady Cabaret,*
*and Elie Bellune*

i

**TABLE OF CONTENTS**

      **Page**

PRELIMINARY STATEMENT……………………………………………………………….1

ARGUMENT ………………………………………………………………………………......1

I.     PLAINTIFF'S SECOND AMENDED COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING………………………………………………………….....…1

II.    PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED………...……………………………6

CONCLUSION…………….……………………………………………………………….11

CERTIFICATE OF GOOD-FAITH CONSULTATION……………………………………... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.,*
77 F.3d 364 (11th Cir. 1996) ...........................................................................................9

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S.Ct. (1937),.................................................................................6, 8

*Bell Atlantic Court v. Twombly,*
550 U.S. 544, 555 (2007)........................................................................................6, 7, 8

*Blue Water Innovations, LLC v. Fettig,*
No. 18-60671-CIV, 2019 WL 1904589 (S.D. Fla. Mar. 8, 2019). .................................4

*Chanel, Inc. v. Italian Activewear of Fla., Inc.,*
931 F.2d 1472 (11th Cir. 1991) ................................................................................7, 10

*Ferro v. Ry. Express Agency, Inc.,*
296 F.2d 847, 851 (2d Cir.1961) ....................................................................................5

*Jackson v. Bank of Am., N.A.,,*
898 F.3d 1348 (11th Cir. 2018). .....................................................................................5

*Lampkin-Asam v. Volusia Cnty. Sch. Bd.,*
261 F. App'x. 274 (11th Cir. 2008) ................................................................................5

*Lane v. Capital Acquisitions & Mgmt. Co.,*
2006 WL 4590705, at 5 (S.D. Fla. Apr. 14, 2006) .........................................................5

*Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.,*
WL 1526177, (S.D. Fla. Apr. 3, 2015) .....................................................................7, 10

*Resnick v. AvMed, Inc.,*
693 F.3d 1317 (11th Cir. 2012) ......................................................................................6

*Taylor v. Royal Caribbean Cruises Ltd.,*
2020 WL 3257988 (S.D. Fla. June 16, 2020) .................................................................2

*Techworks, Inc. v. H.M. Seiden Consulting, Inc.,*
2006 WL 8432537 (S.D. Fla. Sept. 11, 2006) ................................................................3

*Vibe Micro, Inc. v. Shabanets,*
878 F.3d 1291 (11th Cir. 2018) ...................................................................................................2

*Wagner v. First Horizon Pharm. Corp.,*
464 F.3d 1273, 1279-80 (11th Cir. 2006). ...................................................................................5

*Watts v. Fla. Int'l Univ.,*
495 F.3d 1289 (11th Cir. 2007) ...................................................................................................8

*Weiland v. Palm Beach Cty. Sheriff's Office*
792 F.3d 1313 (11th Cir. 2015) ...............................................................................................2, 9

**FEDERAL RULES**

Fed R. Civ. P. 12(b) ..................................................................................................................6, 8

Fed R. Civ. P. 8 ...................................................................................................................2, 5, 6, 9

Fed R. Civ. P. 10 ..........................................................................................................................9

**PRELIMINARY STATEMENT**

Plaintiff Gulliver's Tavern d/b/a Foxy Lady ("Plaintiff") filed its Second Amended Complaint in this action on January 23, 2024 ("Second Amended Complaint"), alleging three (3) causes of action: (a) Trademark Infringement; (b) Unfair Competition; and (c) Common Law Trademark Infringement. Plaintiff's allegations concern the allegedly infringing use of the "Foxxy Lady" mark by Defendants regarding the operation of an establishment previously known as "Foxxy Lady Lounge", but currently named and known as "Sexxy Lady Lounge" ("Defendants' Establishment").

Defendants now move this Court to dismiss Plaintiff's Second Amended Complaint for the precise reasons set forth in this Court's Order dated January 9, 2024 ("Order") dismissing Plaintiff's First Amended Complaint for failure to comply with the standards set forth in Fed. R. Civ. P. 8(a) and Rule 10(b). Quite simply, Plaintiff's again have submitted an impermissible shotgun pleading and failed to comply with the requirements set forth by this Court's Order. As such, Plaintiff's Second Amended Complaint must be dismissed *with prejudice.*

**ARGUMENT**

**I. PLAINTIFF'S SECOND AMENDED COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING IN VIOLATION OF FED. R. CIV. P. 8 AND FED. R. CIV. P. 10**

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is

1

brought against." *See Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321-23 (11th Cir. 2015). Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294-95 (11th Cir. 2018). Importantly, "courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Id. at 1295* (citation omitted).

The Eleventh Circuit has repeatedly explained that when a district court receives a shotgun pleading from any party, the Court "should strike the [pleading] and instruct counsel to replead the case - if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson*, 898 F.3d at 1357–58. This instruction applies "even when the other party does not move to strike the pleading." *Id.* (citing *Vibe Micro*, 878 F.3d at 1295); *see also*, e.g., *Est. of Bass[,]* 947 F.3d [at] 1358 [ ] ("[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case" in compliance with Rule 8(a)(2) and *Iqbal* "even if the other party does not move the court to strike the pleading."); *See Taylor v. Royal Caribbean Cruises Ltd.*, 20-22161-CIV, 2020 WL 3257988, at *1 (S.D. Fla. June 16, 2020).

Plaintiff's Second Amended Complaint again exhibits at least three (3) of the four (4) types of impermissible shotgun pleadings recognized by the Eleventh Circuit. Preliminarily, and most apparent on the face of the pleading – the Second Amended Complaint contains "counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." In this case, Plaintiff's Second Amended Complaint pleads "multiple counts where each count adopts the allegations of all preceding counts" and fails to provide the Defendants with adequate

2

notice of the specific claims against them and the grounds upon which each claim rests, because each claim is pled against multiple Defendants without delineating what conduct is attributed to which Defendant. Given the Eleventh Circuit's holding that district courts are to dismiss shotgun pleadings as "fatally defective," *See B.L.E*, 335 F. App'x. at 963, amended on reconsideration in part, No. 21-CV-20862, 2022 WL 845468 (S.D. Fla. Mar. 22, 2022), the Second Amended Complaint must be dismissed for constituting an improper "shotgun pleading" because Counts I-III each incorporate all prior paragraphs rendering the final claim for relief to be a combination of the entire Second Amended Complaint. *See, Second Amended Complaint* ¶¶ 86, 94, 98. Because each cause of action is an amalgam of different counts and claims, the Second Amended Complaint must be dismissed, as it fails to articulate its claims with sufficient clarity. It is a shotgun pleading for which this Court should have "little tolerance.".

Next, the Second Amended Complaint asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. It bears noting that the applicable case law makes clear that it is impermissible to comingle claims against multiple defendants. Each of the (3) three counts in the Second Amended Complaint are pled against the "Defendants" jointly rather than each count against a defendant individually, as required. *See, Second Amended Complaint* ¶¶ 86-101.

Plaintiff's Second Amended Complaint is also "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action and fails to meets the applicable 'notice' pleading standard if it doesn't notify the adverse party of the claim and the proposed relief to a degree sufficient to enable the adverse party to formulate a response." *See Techworks, Inc. v. H.M. Seiden Consulting, Inc.*, Case No. 06-60572, 2006 WL 8432537, at *1 (S.D. Fla. Sept. 11, 2006) (Altonaga, J.). "Litigants must separate distinct claims into separate

3

counts so that the opposing party and the Court can properly analyze each of them." *Id*. Under Rule 10, "a proper complaint will present each claim for relief in a separate count and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming." *Id*. at *2. This is important because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Id*. *Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV, 2019 WL 1904589, at *4 (S.D. Fla. Mar. 8, 2019).

As in *Blue Water*, here Count II does not comply with pleading requirements under the Federal Rules, i.e., Count II of Plaintiff's Second Amended Complaint titled "Unfair Competition – 15 U.S.C. § 1125(a)" states that "Defendants' use in commerce of marks identical to Plaintiff's in connection with Defendants' services, which are the same as Plaintiff's, constitutes a false designation of origin" in Paragraph 95 and then, in Paragraph 97 states that "[a]s a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill." *See, Second Amended Complaint* ¶¶ 95, 97. Section 1125(a) refers to Section 43(a) of the Lanham Act, which creates a cause of action for false designation of origin. This is different from a claim for unfair competition under 15 U.S.C. § 1114. Commingling various theories of liability within individual counts renders Plaintiff's Second Amended Complaint an inappropriate basis upon which to evaluate its allegations. *See Techworks, Inc*., 2006 WL 8432537, at *2 (citations and quotations omitted). Accordingly, the Court should dismiss Count II for failure to meet pleading requirements under the Federal Rules.

Next, and similarly fatal to the whole of the Second Amended Complaint, "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive

pleading constitutes a defective 'shotgun pleading.'" *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.,* 261 F. App'x. 274, 277 (11th Cir. 2008). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *See, Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018). Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates ... [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *See, Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279-80 (11th Cir. 2006).

Importantly, courts routinely dismiss claims that are collectively pled against multiple defendants without delineating what conduct is attributed to which defendant. *See Lane v. Capital Acquisitions & Mgmt. Co.,* 2006 WL 4590705, at 5 (S.D. Fla. Apr. 14, 2006). Fed. R. Civ. P. 8, at a minimum, requires that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *See Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961). It is well established that a complaint that, like Plaintiff's, "lump[s] all the defendants together in each claim and provides no factual basis to distinguish their conduct" fails to satisfy the minimum standard of Rule 8. *Lane* at 5 (S.D. Fla. 2006). Plaintiff's Second Amended Complaint is therefore impermissibly vague and conclusory and fails to satisfy the minimum standard of Rule 8.

Thus, Plaintiff again fails to differentiate among Defendants named in the Second Amended Complaint or attribute any of the challenged conduct to a particular Defendant. Of note, the absence of any such allegation is no accident, because no such allegation could be responsibly

5

made. Plaintiff's indiscriminate style of pleading fails to state a claim for relief against the Defendants and fails to provide the Defendants with fair notice of what the Plaintiff's claim is against her, him, or it and the grounds upon which it rests. Thus, Plaintiff's Second Amended Complaint should be dismissed as the Amended Complaint was dismissed, as an impermissible "shotgun pleading".

II. **PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED REGARDING DEFENDANTS BELLUNE AND ALERTE, IN VIOLATION OF FED. R. CIV. P. 12(b)(6)**

There are several other fatal deficiencies within the "four corners" of the Second Amended Complaint, including that it is vague and conclusory in violation of Fed. R. Civ. P. 8. Rule 8 provides that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See, Fed.R.Civ.P. 8(a)(2)*. This Rule does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *See Resnick v. AvMed, Inc.,* 693 F.3d 1317, 1324 (11th Cir.2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Importantly, "the complaint must contain enough facts to make a claim for relief plausible on its face." *Id. at 1324–25*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal, 556 U.S. at 679 (*citing *Twombly, 550 U.S. at 556)*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at 678 (*citing *Twombly,* 550 U.S. at 556*)*. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556).

6

Despite well-established law, the Second Amended Complaint here "pleads facts that are 'merely consistent with' Mr. Bellune's personal liability for the acts of Hush; it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id. (*quoting *Twombly,* 550 U.S. at 557*).* Where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* The Eleventh Circuit has consistently been clear that "if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done…if an individual actively and knowingly caused the infringement, he is personally liable." *Chanel, Inc. v. Italian Activewear of Fla., Inc.,* 931 F.2d 1472 (11th Cir. 1991) (citations and internal quotation marks omitted). However, in order "[t]o support an infringement claim against an individual, it is necessary that a complaint pleads that the individual '**actively and knowingly caused the infringement**.'" *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.,* No. 14-62216-CIV, 2015 WL 1526177, at *4 (S.D. Fla. Apr. 3, 2015) (quoting *Chanel,* 931 F.2d at 1477).

While Defendants naturally do not deny that the Second Amended Complaint does attribute certain actions to Mr. Bellune, specifically in his capacity as the owner of the Hush entity, detailing his involvement in the company's operations – the Second Amended Complaint falls short of alleging facts that would demonstrate that Mr. Bellune had any awareness of the alleged violations of the Lanham Act, common law, or FDUTPA, or that he "actively and knowingly caused" these purported breaches. Despite outlining Mr. Bellune's various actions associated with performing his duties as the President of Defendant Hush, the Plaintiff does not, and cannot, assert that Mr. Bellune was aware of the alleged trademark infringement or that he "actively and knowingly participated as a driving force behind the decision to commit the

7

[alleged] infringing acts." In Plaintiff's Second Amended Complaint, "knowledge" is only referenced in a formulaic recitation of the elements of Counts I and II of Second Amended Complaint. The word "knowingly" is not used. *See, in general, Second Amended Complaint.*

Furthermore, the Second Amended Complaint is devoid of any allegations of involvement by Alerte in any of the operations or reporting on behalf of the business formerly named "Foxxy Lady Lounge". Plaintiff has not presented anything other than unadorned, conclusory accusations of involvement by Alerte in any of the operations or reporting on behalf of the actual business, the formerly named "Foxxy Lady Lounge". Plaintiff simply treated Defendants Hush and Alerte (as well as Bellune) as one and the same, stating that "Alerte has been part of the FLC Enterprise since October 14, 2015". *See, Second Amended Complaint* ¶75, citing only Mr. Bellune's ownership of each entity, and the commonality of addresses between the Hush and Alerte entities. The claims of "capitalization on the "Foxxy Lady Cabaret" name as part of its STRIPPERFAN$ enterprise" a digital project operated by a non-Defendant separate Delaware legal entity, are similarly conclusory and vague. *See, Second Amended Complaint* ¶7.

Furthermore, to survive a Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint "does not need detailed factual allegations," it must provide "more than labels, and conclusions." *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted). While Rule 12(b)(6) does not call for dismissal of a claim merely because a court anticipates that "actual proof of those facts is impossible," the "[f]actual allegations must nevertheless be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting

8

*Twombly*, 550 U.S. at 545).

Regrettably, Plaintiff's Second Amended Complaint once again fails to state a claim that is "plausible on its face" and therefore must be dismissed. Plaintiff's conclusory allegations fail to set forth sufficient factual predicates for the relief requested and, as such, the Second Amended Complaint fails to comply with federal pleading requirements, as set forth in Rules 8 and 10. *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Relevant to this case, Rule 8(a)(2) requires plaintiffs to include "a short and plain statement of the claim showing that the pleader is entitled to relief". *Fed. R. Civ. P. 8(a)(2)*. Further, a complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" pursuant to Rule 10(b). *Fed. R. Civ. P. 10(b)*. The requirement of a "short and plain statement of the claim" allows defending parties to identify the claims against them and answer with responsive pleadings. *See, Fed. R. Civ. P. 8(a)(2)*; *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (noting that rules of procedure "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading.") (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (hereafter "*Weiland*", citations omitted)).

Pleadings in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief", as in the Second Amended Complaint, are disparagingly referred to as "shotgun pleadings." *Anderson*, 77 F.3d at 366; *P&M Corp. Fin., LLC v. L. Offs. of David J. Stern, P.A.*, 2016 WL 1045826, at *2 (S.D. Fla. Mar. 16, 2016) (shotgun pleadings force a court "to sift through the facts presented and decide for itself which are material to the particular claims asserted."). Such pleadings may be dismissed pursuant to Rules 8 and 10. *Weiland*, 792 F.3d at 1325.

9

The Eleventh Circuit has consistently been clear that "if there was an infringement by the [defendant], this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done…if an individual actively and knowingly caused the infringement, he is personally liable." *Chanel, Inc. v. Italian Activewear of Fla., Inc.,* 931 F.2d 1472 (11th Cir. 1991). In order "[t]o support an infringement claim against an individual, it is necessary that a complaint pleads that the individual 'actively and knowingly caused the infringement.'" *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.,* No. 14-62216-CIV, 2015 WL 1526177, at *4 (S.D. Fla. Apr. 3, 2015) (quoting *Chanel,* 931 F.2d at 1477).

In its Second Amended Complaint, Plaintiff failed to charge (nor could it) that Mr. Bellune had any knowledge of the alleged infringement or that he "actively participated as a moving force in the decision to engage in the [allegedly] infringing acts". *See generally, Second Amended Complaint*. To properly allege a trademark infringement claim against a natural person, a Plaintiff must claim that the natural person actively and knowingly caused the infringement. The Second Amended Complaint fails to allege that Mr. Bellune knowingly caused the infringement and, as a result, fails to state a claim of his individual liability for trademark infringement. Similarly, the Second Amended Complaint is devoid of any allegations of involvement by Alerte in any of the operations or reporting on behalf of the actual business formerly named "Foxxy Lady Lounge". Plaintiff has not presented anything other than unadorned, conclusory accusations of involvement by Alerte in any of the operations or reporting on behalf of the establishment previously known as "Foxxy Lady Lounge", but currently named and known as "Sexxy Lady Lounge".

In sum, therefore, it is clear that Plaintiff fails to differentiate among the Defendants named in the Second Amended Complaint or attribute specifics of the challenged conduct to a specific Defendant. Plaintiff's indiscriminate style of pleading further fails to state a claim for relief against

10

the Defendants and doesn't provide the Defendants with fair notice of what the Plaintiff's claim is and the grounds upon which it rests. Accordingly, the Second Amended Complaint must be dismissed as an impermissible shotgun pleading.

### III. CONCLUSION

For the foregoing reasons, Defendants Hush Entertainment Services Inc., Alerte Entertainment Inc., and Elie Bellune respectfully request that the Court dismiss the Second Amended Complaint with *prejudice*.

### CERTIFICATE OF GOOD-FAITH CONSULTATION

Pursuant to Local Rule 7.1(a)(3)(A), a good faith consultation is not required based on the relief sought in this Motion.

Dated: February 20, 2024                              Respectfully submitted,

                                                      CHASELAWYERS

                                                      */s/ Barry Chase*
                                                      Barry Chase, Esq.
                                                      ChaseLawyers
                                                      21 SE 1st Avenue, Suite 700, Miami,
                                                      Florida, 33131
                                                      Telephone: (305) 373-7665
                                                      Facsimile: (305) 373-7668
                                                      Email: barry@chaselawyers.com

                                                      *Attorneys for Defendants Alerte*
                                                      *Entertainment Inc., Hush Entertainment*
                                                      *Services Inc., and Elie Bellune*

**CERTIFICATE OF SERVICE**

I, Barry Chase, certify that on February 20, 2024, a true and correct copy of the foregoing Defendants' Motion to Dismiss was filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

                                                                                                          */s/ Barry Chase*
                                                                                                         Barry Chase, Esq.