IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GULLIVER'S TAVERN, INC., d/b/a FOXY LADY,<br><br>    Plaintiff,<br><br>  vs.<br><br>ALERTE ENTERTAINMENT, INC. d/b/a FOXXY LADY CABARET; HUSH ENTERTAINMENT SERVICES, INC; ELIE BELLUNE; JONATHAN FINKLEA; and JOHANNA M. CELCIS,<br><br>    Defendants. | Case No. 1:23-cv-20032-KMW |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

**(WITH REQUEST FOR HEARING)**

Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S Biscayne Blvd #2600
Miami, FL 33131
Tel: (888) 887-1776

Ronald D. Green (pro hac vice)
rdg@randazza.com
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
Tel: (888) 887-1776

*Attorneys for Plaintiff
Gulliver's Tavern d/b/a Foxy Lady*

i

TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

1.0   INTRODUCTION AND STATEMENT OF RELEVANT FACTS ....................................1

   1.1   Plaintiff Foxy Lady ...............................................................................................1

   1.2   Defendants' Foxxy Lady Cabaret .........................................................................2

   1.3   The STRIPPERFAN$ Enterprise .........................................................................4

   1.4   Specific Actions of Each Defendant .....................................................................6

      1.4.1   Defendant Hush ........................................................................................6

      1.4.2   Defendant Alerte ......................................................................................7

      1.4.3   Defendant Celsis ......................................................................................7

      1.4.4   Defendant Finklea ....................................................................................7

      1.4.5   Defendant Bellune ....................................................................................7

2.0   ARGUMENT ........................................................................................................................7

   2.1   Plaintiff's Second Amended Complaint complies with Rules 8 and 10
        of the Federal Rules of Civil Procedure ...............................................................7

   2.2   Plaintiff's Second Amended Complaint States Valid Claims ............................10

3.0   CONCLUSION ...................................................................................................................12

REQUEST FOR HEARING ...........................................................................................................12

CERTIFICATE OF SERVICE .......................................................................................................14

## TABLE OF AUTHORITIES

**CASES**

*Ares Def. Sys. v. Karras*,
  2016 U.S. Dist. LEXIS 51633 (M.D. Fla. Mar. 10, 2016) ........................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................8, 10

*Chanel, Inc. v. Italian Activewear of Fla, Inc.*,
  931 F.2d 1472 (11th Cir. 1991) ..............................................................................................11

*Dr. Chago Productions, LLC v. In Da House Digital Productions, Inc.*,
  Case No. 1:14-cv-21161-MGC (S.D. Fla. Jan. 27, 2015) .........................................................9

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ....................................................................................................................8

*Ferro v. Ry. Express Agency, Inc.*,
  296 F.2d 847 (2d Cir. 1961) .....................................................................................................8

*Garage Memories, LLC v. Forever Current Studios, LLC*,
  Case No. 9:17-cv-80491-DLB (S.D. Fla. April 19, 2017) .......................................................8

*Lane v. Capital Acquisitions & Mgmt. Co.*,
  2006 WL 4590705 (S.D. Fla. Apr. 14, 2006) .........................................................................10

*LaPotencia LLC v. Chandler*,
  2023 U.S. Dist. LEXIS 17068 (S.D. Fla. Feb. 1, 2023) ..........................................................12

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  736 F.3d 1339 (11th Cir. 2013) ..............................................................................................12

*Stanley v. Braveheart Grp.*,
  Case No. 1:23-cv-20793-PAS (S.D. Fla. Feb. 28, 2023) ..........................................................8

*Tech Traders, LLC v. Insuladd Envtl., Ltd.*,
  2018 U.S. Dist. LEXIS 224579 (M.D. Fla. Oct. 18, 2018) ....................................................12

*Techworks, Inc. v. H.M. Seiden Consulting, Inc.*,
  2006 WL 8432537 (S.D. Fla. Sept. 11, 2006) ..........................................................................9

*Tecnoglass, LLC v. RC Home Showcase, Inc.*,
  301 F. Supp. 2d 1267 (S.D. Fla. 2017) ...................................................................................10

*Weiland v. Palm Beach Cty. Sheriff's Office*,
   792 F.3d 1313 (11th Cir. 2015) ..................................................................................8, 9

*Woodburn v. State of Fla. Dept. of Children & Family Servs.*,
   859 F. Supp. 2d 1305 (S.D. Fla. 2012) ...........................................................................9

**STATUTES**

15 U.S.C. § 1058 ....................................................................................................................1

15 U.S.C. § 1065 ....................................................................................................................1

15 U.S.C. § 1114 ..................................................................................................................10

15 U.S.C. § 1125(a) .............................................................................................................10

**RULES**

Fed. R. Civ. P. 8................................................................................................................7, 8

Fed. R. Civ. P. 8(a) ................................................................................................................1

Fed. R. Civ. P. 8(a)(2) ...........................................................................................................7

Fed. R. Civ. P. 8(d)(1) ...........................................................................................................7

Fed. R. Cip. P. 12(b)(6) ......................................................................................................10

Local Rule 7.1(b)(2) ............................................................................................................12

Plaintiff Gulliver's Tavern, Inc. d/b/a Foxy Lady ("Foxy Lady") hereby opposes the Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to Comply with the Standards Set Forth in Fed. R. Civ. P. 8(a) and Rule 10(b) (Doc. No. 90) filed by Defendants Hush Entertainment Services, Inc. ("Hush"), Alerte Entertainment, Inc. ("Alerte"), and Elie Bellune. This Opposition is based upon the attached memorandum of points and authorities, the papers and pleadings on file in this action, and any oral argument permitted by this Court.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**1.0     INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

    **1.1     Plaintiff Foxy Lady**

Plaintiff operates the Foxy Lady adult entertainment club in Providence, Rhode Island, which has been in operation since 1979. (*See* Second Amended Complaint ("SAC"), at ¶ 12) Plaintiff Foxy Lady additionally owns the mark FOXY LADY and variants thereto and has obtained a federal mark registration for FOXY LADY (U.S. Reg. No. 2,809,938) with the United States Patent and Trademark Office ("USPTO") for entertainment in the nature of live performances for an adult audience, namely exotic dance performances and restaurant and bar services. (*See id*. at ¶ 13) This federal trademark registration has become incontestable through the filing of Section 8 and Section 15 affidavits with the USPTO and has been licensed in the past. *See* 15 U.S.C. § 1058; 15 U.S.C. § 1065.

Since it commenced using the mark 45 years ago, Foxy Lady and its licensees have used the mark in connection with advertising and promoting Foxy Lady's goods and services. (*See id.* at ¶ 15) It has spent significant funds advertising and promoting the FOXY LADY marks, including on the internet through a website accessible at <foxyladyri.com>. (*See id.*) Based upon its trademark registrations and extensive use, Foxy Lady owns the exclusive right to use the FOXY LADY mark in connection with exotic dance performances, bar services, and restaurant services. (*See id.* at ¶ 16) Plaintiff Foxy Lady additionally owns valid and subsisting common law rights to the FOXY LADY mark due to its continuous use in connection with the goods and services it provides, specifically exotic dance, bar, and restaurant services. (*See id.* at ¶ 17).

1

### 1.2  Defendants' Foxxy Lady Cabaret

Prior to the initiation of this action, but well after Plaintiff's club began operations, Defendants' Foxxy Lady Cabaret ("FLC") began operating in Miami, Florida. (*See* SAC at ¶¶ 19-20) At all relevant times, the owners and operators of FLC and their affiliates (the "FLC Enterprise") used a confusingly similar variation of Plaintiff's registered FOXY LADY mark to offer the same goods and services as Plaintiff, adding a superfluous "x" into the first portion of the club's name. (*See id.* at ¶ 21) The FLC Enterprise's past and current use of the mark infringes upon Foxy Lady's trademark rights and attempts to trade on Foxy Lady's goodwill. (*See id.* at ¶ 22).



By way of example, prior to the initiation of this lawsuit and continuing to the present day, Defendants have used the <foxxy-lady-cabaret.business.site> domain name to advertise FLC. (*See id.* at ¶ 23) Moreover, as evidenced by the photo above, a stylized version of the "Foxxy Lady" name was used on the exterior of the FLC. (*See id.* at ¶ 24)

According to Google, the above image was captured and published by "Elie B" in August 2019. (*See id.* at ¶ 25) "Elie B." is, undoubtedly, Defendant Elie Bellune.

As of February 1, 2010, Bellune was president of Big Mack's Lounge, Inc., which previously operated FLC. (*See* SAC at ¶ 16) On that date, Big Mack's Lounge, Inc. became the owner of the premises on which FLC is located. (*See id.* at ¶ 27) On October 1, 2010, Bellune founded, and has been a shareholder of, non-party Boloo Management, Inc., which owns the building on which FLC is located. (*See id.* at ¶ 28) Therefore, since 2010, Bellune has had the authority to permit or demand removal of the "Foxxy Lady Lounge" signage affixed to the premises. (*See id.* at ¶ 29)

On June 27, 2015, Defendant Bellune filed an Application for Renewal of Fictitious Name for Defendant Hush Entertainment Services, Inc.'s ("Hush") predecessor Big Mack's Lounge, Inc., of the name "Foxxy Lady Lounge." (*See* SAC at ¶ 30) Big Mack's Lounge, Inc. ceased operations in July 2015, and Hush took over as the owner and operator of FLC, which continues to the present day. (*See id*. at ¶¶ 31-32) On July 10, 2015, Defendant Celcis incorporated Hush and was its first president, and Defendant Bellune was a founder and shareholder in Hush. (*See id.* at ¶ 33-34)

On July 12, 2015, two days after Hush was incorporated, Celsis filed an Application for Registration of Fictitious Name for "Foxxy Lady Cabaret." (*See* SAC at ¶ 35) On July 29, 2015, Celsis individually cancelled the fictitious name registration, registering instead on behalf of Hush and listing Hush's address at the location of FLC. (*See id.* at ¶ 36) On August 5, 2016, Hush filed documents with the Florida Secretary of State identifying Bellune as its President, Treasurer, and Secretary, titles that Bellune still holds. (*See id.* at ¶ 37) In 2017, Hush (through Bellune) filed an Application for Registration of Fictitious Name for "Foxxy Lady Cabaret." (*See id*. at ¶ 38)

On or about May 16, 2018, Bellune purchased a Wellcraft Boat, which bears the decal "Foxxy Lady Cabaret," using the logo adopted by FLC. (*See* SAC at ¶ 39) Bellune advertises the boat in commerce for rentals at a rate of $300/hour. (*See id.* at ¶ 40)

//
//
//
//



Hush continued to use the "Foxy Lady Cabaret" name (without the superfluous "x") in the FLC entryway, and Bellune renewed the fictitious name registration for Hush on August 30, 2022. (*See* SAC at ¶ 42) At all relevant times, Bellune and Celsis, as Hush's presidents, had the authority to refrain from using the "Foxxy Lady" moniker in furtherance of the FLC Enterprise. After the initiation of this lawsuit, FLC renamed the cabaret, which currently goes by the name "Sexxy Lady Cabaret," but it continues to use and capitalize upon the FOXY LADY mark through the website discussed above, through images on social media accounts controlled by Hush and/or Bellune, and through the STRIPPERFAN$ Enterprise, described below. (*See id*. at ¶ 44)

### 1.3     The STRIPPERFAN$ Enterprise

Defendants Hush, Alerte, Bellune, Celsis, and Finklea (along with non-party AIM) are participants in an enterprise known as "STRIPPERFAN$." (*See* SAC at ¶ 45) Hush continues to use its variant of the FOXY LADY mark on its website located at <sexxyladycabaret.com> (the "SLC Website"). On that site, there is an advertisement for STRIPPERFAN$ (evidenced below),

stating "STAY CONNECTED WITH YOUR FAVORITE DANCERS THAT WORK FOR FOXXY LADY OR ANY OTHER STRIPCLUBS NEAR YOU." (*See id*. at ¶¶ 46-47)



When a visitor clicks on the "Learn More" link in the above advertisement, he is taken to the <stripperfans.com> website owned and operated by non-party AIM. (*See id.* at ¶ 48)

All visitors to the SLC Website are directed to register, upon opening the site, for a STRIPPERFAN$ account on AIM's <stripperfans.com> website. (*See* SAC at ¶ 49) The STRIPPERFAN$ Enterprise was promoted at the FLC through posters, such as the following one that, beneath the image of the pole-dancing woman, advertised, in relevant part "STRIPPERFAN$" and the <stripperfans.com> website:



The STRIPPERFAN$ Enterprise was also promoted on the doors to the private "SMOKE ROOM", above the bar, and at the front entrance at FLC. (*See id.* at ¶ 51)

While AIM is the purported owner of the STRIPPERFAN$ Enterprise's website, Bellune individually participates in the enterprise as the registrant of the STRIPPERFANS MODELS fictitious name, which he personally registered on November 21, 2023, using the address of FLC/SLC. (*See* SAC at ¶ 52) Alerte is an active participant in the enterprise as registrant of the STRIPPERFANS FESTIVAL fictitious name, which also used the address of FLC/SLC. (*See id.* at ¶ 53) Bellune has promoted the STRIPPERFAN$ Enterprise and the STRIPPERFANS FESTIVAL, often in conjunction with FLC/SLC, on his personal Instagram account, located at @eliboloo. (*See id,* at ¶¶ 54-57)

Alerte was incorporated on or about October 14, 2015, and Bellune was a founder and has been a shareholder of Alerte since that date. (*See* SAC at ¶¶58-59) Hush, Celsis, Finklea, and Bellune have all served as Alerte's President, and Bellune and Hush have served as its registered agent. (*See id.* at ¶¶ 60-64) As Presidents of Alerte, Hush, Celsis, Finklea, and Bellune intentionally participated in the STRIPPERFAN$ Enterprise and used the "Foxxy Lady" moniker in furtherance of the STRIPPERFAN$ Enterprise. (*See id.* at ¶¶ 65-66)

During the relevant period, including July and December 2022, the operator of FLC received payouts from Google for ads for both FLC and the STRIPPERFAN$ Enterprise. (*See* SAC at ¶67) Finally, Bellune uses his email address in the marketing of the STRIPPERFAN$ website and uses his Instagram account to cross-promote FLC and the STRIPPERFAN$ Enterprise. (*See id.* at ¶ 70) As recently as November 2023, the SLC and STRIPPERFAN$ Instagram accounts have promoted SLC as "Foxxy." (*See id.* at ¶ 71)

### 1.4     Specific Actions of Each Defendant

#### 1.4.1     Defendant Hush

Hush has been part of the FLC Enterprise since July 10, 2015, as owner and operator of FLC itself, and it continues to use its confusing variant of the FOXY LADY mark in its domain name and in the promotion of the STRIPPERFAN$ Enterprise. (*See* SAC at ¶ 73) At all relevant

times, Hush and its presidents have used the "Foxxy Lady" name in association with the FLC Enterprise and had complete authority to cease use of the name at any time. (*See id.* at ¶¶ 73-74)

### 1.4.2 Defendant Alerte

Alerte has been part of the FLC Enterprise since October 14, 2015, as part of the STRIPPERFAN$ Enterprise, including registration of the STRIPPERFANS FESTIVAL fictitious name. (*See* SAC at ¶ 75) At all relevant times, Alerte and its presidents purposely chose to be part of the STRIPPERFAN$ Enterprise, including using the "Foxxy Lady" name to promote their affiliation with FLC, and had authority to cease participation at any time. (*See id.* at ¶ 76)

### 1.4.3 Defendant Celsis

Defendant Celsis was part of the FLC Enterprise since she incorporated Hush in July 2015 and registered the fictitious business name and for being President of Hush and Alerte.

### 1.4.4 Defendant Finklea

Finklea was part of the FLC Enterprise during his employment with Hush and as President of Alerte. (*See* SAC at ¶ 78)

### 1.4.5 Defendant Bellune

Bellune has been part of the FLC Enterprise since February 2010, as President of Big Mack's Lounge, Inc., Hush, and Alerte, in his individual participation in the STRIPPERFAN$ ENTERPRISE, and in renting his boat in commerce.

## 2.0   ARGUMENT

### 2.1   Plaintiff's Second Amended Complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure

Under Fed. R. Civ. P. 8, claims for relief in a complaint are required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations contained in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) requires that complaints and other pleadings should consist of numbered paragraphs, each limited to a single set of circumstances, if practicable. So long as the complaint gives Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests,"

it complies with the provisions of Rule 8. *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). It is not necessary that the plaintiff provide specific facts. *See Erickson*, 551 U.S. at 93 (*quoting Twombly*, 550 U.S. at 555).

Plaintiff will dispense with Defendants' most disingenuous argument first. Specifically, Defendants accuse Plaintiff of filing a "shotgun pleading" by submitting "a complaint containing multiple counts where each count adopts the allegations of all proceeding counts." Motion to Dismiss at 1-2 (*quoting Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). False. Plaintiff's SAC incorporated the factual allegations of the SAC into each claim, which the very case that Defendants cite states is permissible:

> [Plaintiff's] realleging of paragraphs 1 through 49 at the beginning of each count looks, at first glance, like the most common type of shotgun pleading. But it is not. As we have already discussed, this Court has condemned the incorporation of preceding paragraphs where a complaint "contains several counts, predecessors … leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." What we have here is different. The allegations of each count are not rolled into every successive count on down the line.

*Weiland*, 792 F.3d at 1324 (internal citations omitted). Here, Plaintiff did not incorporate the allegations of prior claims, leading to all claims but the first containing irrelevant allegations and legal conclusions. Rather, it drafted its SAC in a common and accepted Southern District style, taking care to heed the Court's prior order.

In fact, as recently as last year, Defendants' counsel filed complaints with this Court that are pled in the exact same manner, namely that each claim for relief incorporates each paragraph of the complaint's factual allegations. Plaintiff does not challenge the way that Defendants' counsel drafts complaints in cases before this Court. It is a proper, and the most logical, way to draft a pleading. However, it does demonstrate that Defendants' argument is disingenuous and should be disregarded. For some representative examples, the Court can examine the complaints Defendants' counsel filed in: (1) *Stanley v. Braveheart Grp.,* Case No. 1:23-cv-20793-PAS (S.D. Fla. Feb. 28, 2023); (2) *Garage Memories, LLC v. Forever Current Studios, LLC*, Case No. 9:17-cv-80491-DLB (S.D. Fla. April 19, 2017) (contained in the Counterclaim, which is Exhibit B to

the Notice of Removal); and (3) *Dr. Chago Productions, LLC v. In Da House Digital Productions, Inc.*, Case No. 1:14-cv-21161-MGC (S.D. Fla. Jan. 27, 2015) (contained in the Counterclaim).[1]

Next, Defendants disingenuously complain that the SAC "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Motion to Dismiss at 1-2 (*quoting Weiland*, 792 F.3d at 1321-23). However, the allegations of the SAC clearly state what each named Defendant specifically did that contributed to the unlawful FLC Enterprise and the STRIPPERFAN$ Enterprise. The allegations in the SAC identify what each Defendant did individually, leaving Defendants with ample information.

Here, the separate factual allegations against all Defendants all raise the same claims for relief and relate to their roles in the operations of the FLC Enterprise and the STRIPPERFAN$ Enterprise. A claim for relief is properly pled as to all defendants when "the allegations against [all] Defendants raise the same claims and relate to the same occurrences." *Woodburn v. State of Fla. Dept. of Children & Family Servs.*, 859 F. Supp. 2d 1305, 1310 (S.D. Fla. 2012). Defendants' contention that they cannot determine which Defendant is responsible for which act, or omission is borderline inexplicable. *See* Motion at 3. The factual allegations of the SAC identify each Defendant individually. They do not lump Defendants together. Defendants are individually on notice regarding what Plaintiff alleges that they contributed to the FLC Enterprise and the STRIPPERFAN$ Enterprise. The Motion should be denied.

Additionally, Defendants accuse Plaintiff of filing a SAC that improperly fails to "separate distinct claims into separate claims so that the opposing party and the Court can properly analyze each of them." Motion to Dismiss at 3-4 (*quoting Techworks, Inc. v. H.M. Seiden Consulting, Inc.*, 2006 WL 8432537, at *1 (S.D. Fla. Sept. 11, 2006)). Specifically, in Plaintiff's Second Claim for Relief, Defendants accuse Plaintiff of improperly commingling a "false designation of origin

---

[1] Plaintiff has not provided more examples because Defendants' counsel's name only appears on 17 cases filed in this Court since 1998.

claim" under 15 U.S.C. § 1125(a) with an "unfair competition claim" under 15 U.S.C. § 1114. Motion to Dismiss at 4. This argument is nonsensical.

15 U.S.C. § 1114 provides remedies for infringement of a registered trademark, not unfair competition. Section 1125(a) "protects against **unfair competition based on false designations of origin**." *Tecnoglass, LLC v. RC Home Showcase, Inc.*, 301 F. Supp. 2d 1267, 1274 (S.D. Fla. 2017) (emphasis added). Plaintiff has not commingled claims. Rather, Defendants have either mistakenly or intentionally confused Sections 1114 and 1125(a).

Finally, Defendants argue that the SAC should be dismissed because it does not "delineat[e] what conduct is attributed to which defendant." Motion to Dismiss at 5 (*citing Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006). They state that "Plaintiff again fails to differentiate among Defendants named in the Second Amended Complaint or attribute any of the challenged conduct to a particular Defendant." *Id.*

Given that a cursory reading of the SAC immediately indicates that this argument is untrue, it should be immediately disregarded by the Court. The SAC specifies what each Defendant did to further the infringements to Plaintiff's intellectual property. They are not lumped together in Plaintiff's factual allegations, and the means through which each of their conduct contributed to their trademark infringement and unfair competition is clearly laid out throughout the allegations of the SAC. Defendants have provided this Court with no basis to dismiss the SAC.

### 2.2    Plaintiff's Second Amended Complaint States Valid Claims

Defendants ask this Court to dismiss the SAC pursuant to Rule 12(b)(6) – for failing to state a claim.[2] A motion filed under Rule 12(b)(6) will only be granted if the complaint fails to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court will accept as true all well-pled allegations in the Complaint and consider where the "factual matter accepted as true" states a facially plausible claim for relief. *Ashcroft v.*

---

[2] In the Motion, Defendants make arguments regarding Plaintiff's claims for FDUTPA. *See* Motion at 7. Plaintiff's SAC does not include any FDUTPA claims. Much like the other arguments, it appears the Motion is directed to a document that is not the SAC.

*Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Such factual content is sufficient if it raises "a reasonable expectation that discovery will reveal [the] evidence [alleged]." *Id.* Here, there is no basis to dismiss.

This section of Defendants' Motion appears to only concern Elie Bellune and Alerte, as no arguments are made as to Hush. The thrust of Defendants' arguments is that Plaintiff has not made specific allegations and has only pled "unadorned, conclusory accusation[s] of harm" in its SAC. Motion at 6. They allege that the factual allegations of the SAC are not sufficient to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Iqbal*, 556 U.S. at 556).

With regard to Defendant Elie Bellune, Defendants argue that Plaintiff has not shown that Bellune "actively and knowingly caused the infringement" or that Bellune acted outside his capacity as an officer of Hush. Motion to Dismiss at 7 (*citing Chanel, Inc. v. Italian Activewear of Fla, Inc.*, 931 F.2d 1472 (11th Cir. 1991). Plaintiff requests that Defendants go through the allegations of the SAC again, because that statement is simply not true. In addition to his actions as an officer of Hush, Plaintiff alleges that (1) Bellune purchased a Wellcraft Boat, which bears the decal "Foxxy Lady Cabaret," using the logo adopted by FLC (*See* SAC at ¶ 39); (2) Bellune advertises the boat in commerce for rentals at a rate of $300/hour. (*See id.* at ¶ 40); (3) Bellune personally registered at least one fictitious name for the STRIPPERFAN$ Enterprise, using FLC's address as his address (*See id.* at ¶ 52); (4) Bellune has promoted the STRIPPERFAN$ Enterprise and the STRIPPERFANS FESTIVAL, often in conjunction with FLC/SLC, on his personal Instagram account, located at @eliboloo. (*See id,* at ¶¶ 54-57); and (5) Bellune uses his email address in the marketing of the STRIPPERFAN$ website and uses his Instagram account to cross-promote FLC and the STRIPPERFAN$ Enterprise. (*See id.* at ¶ 70).

Direct liability is asserted against Bellune. It is well-settled in the State of Florida that corporate officers may be held personally liable for their intentional torts. *See Ares Def. Sys. v. Karras*, 2016 U.S. Dist. LEXIS 51633, at *16-17 (M.D. Fla. Mar. 10, 2016); *Louis Vuitton*

*Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354-55 (11th Cir. 2013). Trademark infringement is an intentional tort. *See LaPotencia LLC v. Chandler*, 2023 U.S. Dist. LEXIS 17068, at *17-18 (S.D. Fla. Feb. 1, 2023); *Tech Traders, LLC v. Insuladd Envtl., Ltd.*, 2018 U.S. Dist. LEXIS 224579, at *11-12 (M.D. Fla. Oct. 18, 2018). Plaintiff has adequately alleged that Bellune's conduct was intentional, and he is properly pled as a Defendant in this action.

With regard to Alerte, Defendants allege that the SAC presents nothing other than "unadorned, conclusory accusations of involvement by Alerte in any of the operations or reporting on behalf of the actual business, the formerly named 'Foxxy Lady Lounge.'" Motion at 8. Again, this is untrue. Alerte is the registrant of a fictitious name used by the STRIPPERFAN$ Enterprise and is an active participant in the STRIPPERFAN$ Enterprise. (*See* SAC at ¶ 76)

The claims against all Defendants are properly pled. The Motion filed by Defendants Hush, Alerte, and Bellune should be denied.

### 3.0  CONCLUSION

For each and every reason detailed above, Plaintiff Foxy Lady respectfully requests that the Court deny the Motion to Dismiss filed by Defendants Hush, Alerte, and Bellune.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Plaintiff Foxy Lady respectfully requests oral argument on Defendants' Motion. A hearing is desirable to ensure that the issues are fully explored and considered, including the potential for amendment. Plaintiff estimates that oral argument should not exceed 30 minutes in total.

Dated: March 5, 2024.        Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S Biscayne Blvd #2600
Miami, FL 33131
Tel: (888) 887-1776

Ronald D. Green (*pro hac vice*)
rdg@randazza.com
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
Tel: (888) 887-1776

Attorneys for Plaintiff
Gulliver's Tavern d/b/a Foxy Lady

Case No. 1:23-cv-20032-KMW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
MARC J. RANDAZZA